■ PATRICIA LOPEZ, Respondent, v ROBERT J. LOPEZ, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Orgera, J.), dated March 5, 1985, as denied his cross motion for downward modification of a pendente lite award and for modification of a restraining order against certain bank accounts.

Order affirmed insofar as appealed from, with costs.

Special Term did not abuse its discretion in denying the defendant's cross motion for a downward modification of the award of temporary maintenance and child support. The defendant consented to leave the marital residence subsequent to the original pendente lite award. While there may have been an increase in living expenses resulting therefrom, the defendant has failed to substantiate his individual rent needs so as to demonstrate a substantial change in circumstances (see, Domestic Relations Law § 236 [B] [6], [9] [b]).

With respect to the restraint against the parties' bank accounts, pursuant to Domestic Relations Law § 234 courts have the authority to grant preliminary injunctions to preserve the status quo of marital assets pending equitable distribution (see, *Monroe v Monroe,* 108 AD2d 793; *Leibowits v Leibowits,* 93 AD2d 535). The defendant sets forth only conclusory allegations as to the necessity for a modification of the restraining order which do not warrant a disruption of the status quo at this time.

It is noted that the proper remedy is a speedy trial at which a more detailed examination of the financial situation of the parties may be made (see, *Erdheim v Erdheim,* 101 AD2d 803; *Rossman v Rossman,* 91 AD2d 1036). Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.