(March 20, 1995)

■ CAROL A. BERNSTEIN, Appellant, v BARRY B. BERNSTEIN, Respondent. [624 NYS2d 45] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated April 7, 1994, as awarded her pendente lite maintenance in the sum of only $125 per week and denied her application for interim counsel fees.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof which awarded the plaintiff pendente lite maintenance of $125 per week and substituting therefor a provision awarding her pendente lite maintenance of $300 per week; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

As we have repeatedly noted, pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse and are to be determined with due regard for the preseparation standard of living (*Byer v Byer*, 199 AD2d 298). Moreover, although generally the best remedy for any claimed inequity in a temporary award is a speedy trial, " 'the rule is not ironclad when the award is deficient' " (*Byer v Byer, supra,* at 298; *Bernstein v Bernstein*, 143 AD2d 168, 169). Based upon the foregoing considerations, we conclude that the amount awarded by the Supreme Court was deficient to the extent indicated.

The Supreme Court did not, however, improvidently exercise its discretion in denying the plaintiff's application for interim counsel fees (see, Domestic Relations Law § 237; *Wolf v Wolf*, 146 AD2d 527). Bracken, J. P., Rosenblatt, Lawrence, Krausman and Goldstein, JJ., concur.