■ BARBARA J. JOSEPH, Respondent, v LEON J. JOSEPH, Appellant. [646 NYS2d 167] —In a matrimonial action, the defendant appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Putnam County (Hickman, J.), dated June 27, 1995, which, *inter alia,* enjoined him from transferring corporate assets and granted the plaintiff's application for exclusive occupancy of the marital residence.

Ordered that the order is affirmed insofar as appealed from, with costs.

Domestic Relations Law § 234 authorizes the court to "make such direction, between the parties, concerning the possession of property, as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties" *(Liebowits v Liebowits,* 93 AD2d 535, 548).

Here, the defendant admitted to having diverted funds from his business, did not make an accounting of the sale of certain

properties, travelled no less than four times in the months preceding the instant application to his native Haiti, and threatened to close his New York businesses and transfer them to Haiti. As such, the injunction was a proper exercise of the Supreme Court's discretion to preserve the financial status quo of the parties until a determination on the merits of the case could be made *(see, Fink v Fink,* 182 AD2d 669; *Fakiris v Fakiris,* 177 AD2d 540, 545; *Cohen v Cohen,* 142 AD2d 543; *Drazal v Drazal,* 122 AD2d 829).

The Supreme Court properly granted the plaintiff's application for exclusive possession of the marital residence. A party may be excluded from the marital residence during the pendency of a matrimonial action upon a showing that such relief is necessary to protect the safety of persons or property *(see, Preston v Preston,* 147 AD2d 464, 465; *Blumenfeld v Blumenfeld,* 96 AD2d 895; *Hite v Hite,* 89 AD2d 577; *Scampoli v Scampoli,* 37 AD2d 614). Here, the record is replete with instances of domestic violence at the marital home resulting in police involvement and orders of protection.

The defendant's remaining contentions are without merit. Miller, J. P., O'Brien, Goldstein and McGinity, JJ., concur.