■ STEVEN S. FRANKENBACH, Appellant, v LINDA FRANKENBACH, Respondent. [664 NYS2d 463] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated September 4, 1996, as granted the defendant wife's motion for pendente lite relief to the extent of (1) awarding her temporary child support in the sum of $375 per week ($125 for each child) and maintenance in the sum of $75 per week, and (2) directing him to pay all carrying charges on the marital residence.

Ordered that the order is modified by decreasing the amount of child support from $375 per week to $281.04 per week ($93.68 for each child); as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Although a speedy trial is ordinarily the proper remedy to rectify inequities in an order directing payment of temporary support (*see, Walker v Walker,* 193 AD2d 730), pendente lite relief may be modified on appeal where justice so dictates (*see, Wesler v Wesler,* 133 AD2d 627, 628; *see also, Fascaldi v Fascaldi,* 186 AD2d 532). Notably, when the support payments are "so prohibitive as to strip the payor spouse of income and assets necessary to meet his or her own expenses, relief may be granted in the interest of justice" (*Chachkes v Chachkes,* 107 AD2d 786; *Wesler v Wesler, supra).*

Upon review of the husband's income and the parties' expenses, and considering that the husband must pay all carrying charges on the marital residence, the pendente lite award of the Supreme Court should be modified by reducing the amount of child support to $281.04 per week for the parties' three children, which is in accordance with the formula set forth by this Court in *Krantz v Krantz* (175 AD2d 863; *see also, Campanella v Campanella,* 232 AD2d 598).

Although the Supreme Court was not obligated to consider the specific factors enumerated in Domestic Relations Law § 236 (B) (5) (d) and (6) (a) in determining the wife's application for pendente lite relief, the Supreme Court should have set forth the factors it considered in reaching its determination (*see, Weber v Weber,* 186 AD2d 189; *LoMuscio-Hamparian v Hamparian,* 137 AD2d 500). Although the court failed to do this, our review of the relevant evidence demonstrates that the order, as modified, is supported by the record. O'Brien, J. P., Thompson, Sullivan and McGinity, JJ., concur.