■ PHYLLIS CAMPION, Respondent, v RUSSELL J. CAMPION, Appellant. [694 NYS2d 733] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Suffolk County (Costello, J.), entered March 30, 1998, which, *inter alia*, directed him to pay temporary maintenance in the sum of $200 per week.

Ordered that the order is affirmed insofar as appealed from, with costs.

A court may award "temporary maintenance * * * in such amount as justice requires, having regard for the standard of living of the parties established during the marriage, whether the party in whose favor maintenance is granted lacks sufficient property and income to provide for his or her reasonable needs and whether the other party has sufficient property or income to provide for the reasonable needs of the other and the circumstances of the case and of the respective parties" (Domestic Relations Law § 236 [B] [6]; *see, Rossman v Rossman,* 91 AD2d 1036). An award of pendente lite maintenance should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse to pay (*see, Lloyd v McGrath,* 246 AD2d 630; *Stern v Stern,* 106 AD2d 631). Here, the plaintiff wife met her burden of establishing the need for the temporary maintenance awarded. After considering her income and assets (*see, Van Ess v Van Ess,* 100 AD2d 848), as well as the defendant husband's needs and financial ability (*see, Colabella v Colabella,* 86 AD2d 643), we find that the trial court did not improvidently exercise its discretion in awarding temporary maintenance and other pendente lite payments.

The defendant's contentions regarding the temporary

restraining order issued by the court are academic since the court vacated all temporary restraining orders in the order appealed from.

The defendant's remaining contention is without merit. Thompson, J. P., Altman, Feuerstein and Schmidt, JJ., concur.