■ ELIZABETH WOLF, Respondent, v PETER D. WOLF, Appellant. [738 NYS2d 226] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much an order of the Supreme Court, Westchester County (Scancarelli, J.), dated July 5, 2000, as, upon reargument and renewal of two orders of the same court dated January 12, 2000, and January 13, 2000, respectively, denied his motion to modify an award of pendente lite child support and maintenance, and granted the plaintiff wife's cross motion to (1) enter a judgment against him in the amount of $2,400 for child support arrears, (2) direct him to pay her $2,500 on or before April 20, 2000, representing an award of counsel fees relating to the instant motion and cross motion, (3) direct him to contribute toward the undergraduate tuition, room and board, and related expenses of the parties' child, and (4) direct him to reinstate and maintain a life insurance policy insuring his life, with a death benefit in the amount of $500,000, naming the plaintiff wife as beneficiary pending trial of the action.

Ordered that the order is affirmed, with costs.

The purpose of a pendente lite award is to "tide over the more needy party, not to determine the correct ultimate distribution" (*Valente v Valente,* 269 AD2d 389, 390 [internal quotation marks omitted]; *Yecies v Yecies,* 108 AD2d 813, 814). Moreover, any perceived inequities in a pendente lite award are best remedied by a speedy trial where the financial circumstances of the parties can be fully explored (*see, Valente v Valente, supra; Roach v Roach,* 193 AD2d 660). Contrary to the defendant's contentions, the Supreme Court properly considered the parties' relative financial status and providently exercised its discretion in its award of pendente lite child support and maintenance to the plaintiff.

The defendant's remaining contentions are without merit. Altman, J.P., Smith, S. Miller and Cozier, JJ., concur.