■ ELLEN M. TAYLOR, Respondent, v THOMAS A. TAYLOR, Appellant. [760 NYS2d 884] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated April 18, 2002, as granted the plaintiff wife pendente lite maintenance in the sum of $1,700 per week and a pendente lite counsel fee in the sum of $10,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the husband's contention, the Supreme Court set forth in sufficient detail the factors it considered in making its pendente lite award. Generally, a speedy trial is the proper remedy for a perceived inequity in a pendente lite award (*see Wallach v Wallach,* 236 AD2d 604 [1997]). An appellate court will rarely modify such an award, unless exigent circumstances exist, such as where a party is unable to meet his or her own financial obligations or justice otherwise requires (*see Campanaro v Campanaro,* 292 AD2d 330 [2002]; *Menashi v Menashi,* 281 AD2d 522 [2001]; *Bagner v Bagner,* 207 AD2d 367, 368 [1994]). The husband failed to establish that such circumstances exist and, therefore, modification of the award is not warranted. Ritter, J.P., Friedmann, H. Miller and Townes, JJ., concur.