■ CHARLES J. DEVERNA, Appellant, v ROSE A. DEVERNA, Respondent. [770 NYS2d 892]—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Falanga, J.), dated December 16, 2002, as awarded the defendant wife pendente lite maintenance in the sum of $2,000 per month, pendente lite child support in the sum of $1,150 per month, and an interim counsel fee in the sum of $5,000, and as directed him to pay the defendant wife's automobile insurance premiums, 80% of the child's unreimbursed medical expenses, and the minimum monthly loan payments on the parties' joint debt.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Pendente lite awards should reflect an accommodation be-

tween the reasonable needs of the moving spouse and the financial ability of the other spouse with due regard for the parties' preseparation standard of living" (*Campanaro v Campanaro,* 292 AD2d 330 [2002]; *see Landau v Landau,* 258 AD2d 508, 509 [1999]). "An appellate court will rarely modify such an award, unless exigent circumstances exist, such as where a party is unable to meet his or her own financial obligations or justice otherwise requires" (*Taylor v Taylor,* 306 AD2d 401 [2003]). The husband failed to adequately demonstrate that such circumstances exist and, therefore, modification of the award is unwarranted. "Rather, perceived inequities in pendente lite orders are best addressed via a speedy trial at which the parties' economic circumstances may be thoroughly explored" (*Campanaro v Campanaro, supra* at 331; *Gorman v Gorman,* 286 AD2d 475, 476 [2001]).

In light of, inter alia, the parties' disparate economic circumstances, the award of an interim counsel fee was also a provident exercise of discretion (*see* Domestic Relations Law § 237 [a]; *O'Shea v O'Shea,* 93 NY2d 187, 193 [1999]; *Shanon v Patterson,* 294 AD2d 485, 486 [2002]). Santucci, J.P., Schmidt, Adams and Crane, JJ., concur.