MARY LEVAKIS, Respondent, v VASILIOS LEVAKIS, Appellant. [776 NYS2d 510]—In an action for a divorce and ancillary relief, the defendant appeals (1) from an order of the Supreme Court, Suffolk County (Kent, J.), dated December 11, 2002, which granted the plaintiff's motion for an interim counsel fee in the sum of $5,000 and an interim accountant's fee in the sum of $7,500, (2), as limited by his brief, from so much of an order of the same court dated February 25, 2003, as enjoined him from "selling, transferring, hypothecating or otherwise disposing of or encumbering" his interest in "the Boulevard Diner" and denied that branch of his cross motion which was to modify the interim counsel fee and accountant fee awards, and (3), as limited by his brief, from stated portions of an order of the same court dated April 7, 2003, which, inter alia, granted the plaintiff's motion for temporary maintenance in the sum of $350 per week and temporary child support in the sum of $350 per week.

Ordered that the order dated December 11, 2002, is affirmed; and it is further,

Ordered that the orders dated February 25, 2003, and April 7, 2003, are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires (*see DeVerna v DeVerna,* 4 AD3d 323 [2004]; *Weinberg v Weinberg,* 247 AD2d 535, 536 [1998]). Pendente lite awards "should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse... with due regard for the preseparation standard of living" (*Byer v Byer,* 199 AD2d 298 [1993]; *see DeVerna v DeVerna, supra*). A speedy trial is ordinarily the proper remedy to rectify a perceived inequity in a pendente lite award (*see Campanaro v Campanaro,* 292 AD2d 330, 331 [2002]; *DeVerna v DeVerna, supra; Weinberg v Weinberg, supra*).

The Supreme Court providently exercised its discretion in, inter alia, awarding the plaintiff $350 per week in temporary maintenance and $350 per week in temporary child support. In addition, the Supreme Court properly enjoined the defendant from disposing of or otherwise encumbering his interest in one of his businesses (*see Joseph v Joseph,* 230 AD2d 716, 717 [1996]; *Taft v Taft,* 156 AD2d 444, 446 [1989]). Moreover, in light of the disparate earnings of the parties, the Supreme Court properly directed the defendant to pay the plaintiff interim counsel and accountant's fees (*see* Domestic Relations Law § 237; *DeVerna v DeVerna, supra; Palumbo v Palumbo,* 292 AD2d 358, 361 [2002]; *French v French,* 288 AD2d 256 [2001]; *Anonymous v Anonymous,* 257 AD2d 458, 459 [1999]; *Beige v Beige,* 220 AD2d 636, 637 [1995]).

The defendant's remaining contentions are without merit. Altman, J.P., Smith, S. Miller and Crane, JJ., concur.