■ KATHLEEN D. MACAGNONE, Respondent, v ANTHONY D. MACAGNONE, Appellant. [776 NYS2d 826]—

In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated September 25, 2002, as directed him to pay to the plaintiff wife pendente lite child support in the sum of $1,720 per month for the parties' two minor children, an interim counsel fee in the sum of $5,000, all carrying charges on the marital residence, all educational and extracurricular expenses of the parties' two minor children, 100% of the unreimbursed non-elective medical, dental, and pharmaceutical expenses of the plaintiff wife and the two minor children, and automobile insurance premiums for the plaintiff wife's motor vehicle.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Pendente lite awards should reflect an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse with due regard for the parties' preseparation standard of living" (*Campanaro v Campanaro*, 292 AD2d 330 [2002]; *see Landau v Landau*, 258 AD2d 508, 509 [1999]). "An appellate court will rarely modify such an award, unless exigent circumstances exist, such as where a party is unable to meet his or her own financial obligations or justice otherwise requires" (*Taylor v Taylor*, 306 AD2d 401 [2003]). The husband failed to demonstrate that such circumstances exist. Therefore, modification of the award is unwarranted. "Rather, perceived inequities in pendente lite orders are best addressed via a speedy trial at which the parties' economic circumstances may be thoroughly explored" (*Campanaro v Campanaro, supra* at 331).

Contrary to the husband's contention, the Supreme Court did not award a double shelter allowance (*see Hondros v Hondros,* 259 AD2d 592 [1999]; *cf. Krantz v Krantz,* 175 AD2d 863, 864 [1991]). Moreover, the Supreme Court correctly declined to impute income to the wife, since there was no evidence in the record which would permit the calculation of her potential earnings (*see Hunter v Hunter,* 290 AD2d 535 [2002]).

In light of the parties' disparate economic circumstances, the award of an interim counsel fee to the wife was a provident exercise of discretion (*see* Domestic Relations Law § 237 [a]; *O'Shea v O'Shea,* 93 NY2d 187, 193 [1999]; *DeVerna v DeVerna,* 4 AD3d 323 [2004]; *Shanon v Patterson,* 294 AD2d 485, 486 [2002]).

The husband's remaining contention is improperly raised on this appeal. Altman, J.P., S. Miller, Luciano and Crane, JJ., concur.