■ JOANNE WOLFF, Appellant, v MICHAEL WOLFF, Respondent. [792 NYS2d 592]—

In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order

of the Supreme Court, Nassau County (LaMarca, J.), dated December 15, 2003, as, upon granting her motion to direct the defendant husband to pay her temporary maintenance in the sum of $3,500 per week and temporary child support in the sum of $500 per week, permitted him to pay such temporary maintenance and support, and his routine living and business expenses, from nontaxable interest income accrued in a joint account held by the parties at Investors Bank & Trust Company, subject to stated conditions.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Pendente lite awards should reflect an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse with due regard for the parties preseparation standard of living" (*Macagnone v Macagnone*, 7 AD3d 680, 680 [internal quotation marks deleted] [2004]; *Campanaro v Campanaro*, 292 AD2d 330 [2002]). "An appellate court will rarely modify such an award, unless exigent circumstances exist, such as where a party is unable to meet his or her own financial obligations or justice otherwise requires" (*Taylor v Taylor*, 306 AD2d 401, 401 [2003]).

On this record, the Supreme Court providently exercised its discretion in permitting the defendant, subject to certain conditions, to pay his maintenance and support obligations and his routine living and business expenses from nontaxable interest income accrued in a joint account held by the parties. The Supreme Court took into account, among other things, the fact that the defendant had used the parties' nontaxable interest income to supplement his salary in the past. Moreover, the Supreme Court directed the defendant to refund "dollar for dollar" any amounts taken from the joint account "when he receives additional earned income, either from bonuses, corporate dividends or other compensation in excess of his weekly salary." In addition, the Supreme Court directed the defendant, upon request, to provide an accounting of all funds from the joint account utilized for support, as well as information with respect to his income from all sources. Under these circumstances, we see no reason to disturb the Supreme Court's order. Florio, J.P., Krausman, Luciano and Fisher, JJ., concur.