■ FRANZISKA SUSSKIND, Respondent-Appellant, v HORST SUSSKIND, Appellant-Respondent. [795 NYS2d 315]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Sgroi, J.), dated December 16, 2003, as granted those branches of the plaintiff's motion which were to direct him to pay to the plaintiff pendente lite support in the sum of $4,000 per month for her and the parties' two minor children, interim counsel fees in the sum of $35,000, all carrying charges on the marital residence, all educational and extracurricular expenses of the parties' two minor children, all unreimbursed in-network medical expenses of the plaintiff and the two minor children, all costs associated with the plaintiff wife's motor vehicle, and conditionally precluded him from introducing evidence as to his finances at trial based upon his failure to comply with court-ordered discovery, unless he fully responded to the plaintiff wife's discovery demands within 30 days of the date of the court's order, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as awarded her the sum of only $35,000 in interim counsel fees.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"Pendente lite awards should reflect an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse with due regard for the parties' preseparation standard of living" (*Campanaro v Campanaro,* 292 AD2d 330 [2002]; *see Macagnone v Macagnone,* 7 AD3d 680 [2004]). "An appellate court will rarely modify such an award, unless exigent circumstances exist, such as where a party is unable to meet his or her own financial obligations or justice otherwise requires" (*Taylor v Taylor,* 306 AD2d 401 [2003]). Here, the husband failed to demonstrate the existence of such circumstances. Therefore, modification of the award is unwarranted. "Rather, perceived inequities in pendente lite orders are best addressed via a speedy trial at which the parties' economic circumstances may be thoroughly explored" (*Campanaro v Campanaro, supra* at 331).

Contrary to the husband's contention, given the financial circumstances of the parties, the Supreme Court properly exercised its discretion in directing him to pay one half of the wife's counsel fees (*see Tayar v Tayar,* 250 AD2d 757 [1998]). The wife was not required to exhaust her own capital in order to qualify for an interim counsel fee award (*see Mitzner v Mitzner,* 228 AD2d 483 [1996]; *Lieberman v Lieberman,* 187 AD2d 567 [1992]). However, since the wife failed to demonstrate that she lacked sufficient funds of her own to compensate counsel at this state of the litigation, the Supreme Court properly awarded her only half of the attorney's fees sought (*see Grant v Grant,* 299 AD2d 521 [2002]).

Finally, the record clearly establishes the husband's repeated failure to comply with the wife's discovery demands and prior orders of the Supreme Court was willful and contumacious (*see Maillard v Maillard,* 243 AD2d 448 [1997]). Thus, the Supreme Court was justified in conditionally precluding him from submitting evidence relating to his finances unless he complied with the wife's discovery demands (*see Pearl v Pearl,* 266 AD2d 366 [1999]). Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.