■ JULIE LEVINE, Appellant-Respondent, v ROBERT LEVINE, Respondent-Appellant. [796 NYS2d 178]—

In an action for a divorce and ancillary relief, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Spolzino, J.), entered March 26, 2004, as (a) granted those branches of the defendant's motion which were for a downward modification of his temporary maintenance obligation, to direct the plaintiff to pay child support, and to direct the plaintiff to pay a percentage of the college education expenses of the parties' older child and (b) denied her cross motion to adjourn the defendant's motion, (2) from a judgment of the same court (Nicolai, J.), entered May 28, 2004, which, upon the order, is in favor of the defendant and against her in the principal sum of $55,186, and (3) from an order and judgment (one paper) of the same court (Donovan, J.), dated June 16, 2004, which (a) granted the defendant's motion for leave to renew and reargue, (b) ordered that the reduction in the defendant's maintenance obligation and the plaintiff's obligation to pay child support be retroactive to July 1999, and (c) is in favor of the defendant and against her in the principal sum of $224,756, and the defendant cross-appeals from the order entered March 26, 2004.

Ordered that the cross appeal from the order is dismissed as abandoned (*see* 22 NYCRR 670.8 [c]); and it is further,

Ordered that the appeal from the order entered March 26, 2004, is dismissed; and it is further,

Ordered that the appeal from the judgment entered May 28, 2004, is dismissed, as that judgment was superseded by the order and judgment dated June 16, 2004, entered upon reargument; and it is further,

Ordered that the order and judgment dated June 16, 2004, is reversed, on the law, the judgment entered May 28, 2004, is vacated, so much of the order entered March 26, 2004, as granted those branches of the defendant's motion which were for a downward modification of his temporary maintenance obligation, to direct the plaintiff to pay child support, and to direct the plaintiff to pay a percentage of the college education expenses of the parties' older child, is vacated, and the defendant's motion is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order entered March 26, 2004, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see* *Matter of Aho*, 39 NY2d 241, 248 [1976]), which was superseded

by the order and judgment dated June 16, 2004. The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order and judgment dated June 16, 2004 (*see* CPLR 5501 [a] [1]).

By decision and order dated December 8, 2003, this Court determined that the plaintiff was entitled to a divorce on the grounds of cruel and inhuman treatment (*see Levine v Levine*, 2 AD3d 498 [2003]).

While the prior appeal was pending, the defendant moved, inter alia, to reduce his temporary maintenance obligation, and to impose a child support obligation upon the plaintiff. The defendant averred that the plaintiff had misled the Supreme Court as to her employment and living arrangements and that she possessed greater resources than previously disclosed. The plaintiff opposed the motion, and later cross-moved for an adjournment of the motion, contending, inter alia, that she was suffering from psychiatric conditions which prevented her from communicating with her attorneys and assisting in her defense of the merits of the defendant's motion. The Supreme Court, which had granted a previous adjournment, denied the plaintiff's cross motion to adjourn the defendant's motion until her mental health care providers certified her ability to proceed, and granted those branches of the defendant's motion which were to reduce his temporary maintenance obligation, to direct the plaintiff to pay support for the parties' two sons in the defendant's custody, and to direct the plaintiff to pay a percentage of the college education expenses of the parties' older child.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in declining to grant her cross motion, which represented a second request for an indefinite adjournment (*see York v York*, 250 AD2d 841 [1998]; *Terio v Terio*, 190 AD2d 665 [1993]). The record supports the Supreme Court's determination that the plaintiff failed to establish that her mental condition precluded her from assisting in the opposition to the defendant's motion.

However, we agree with the plaintiff that the Supreme Court erred in granting those branches of the defendant's motion which were, inter alia, to modify the parties' pendente lite financial arrangements. It is beyond cavil that pendente lite awards should reflect an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse with due regard for the parties' preseparation standard of living (*Wolff v Wolff*, 17 AD3d 355 [2005]; *Najac v Najac*, 12 AD3d 579 [2004]; *Macagnone v Macagnone*, 7 AD3d 680 [2004]). "Modifications of pendente lite awards should be

sparingly made and then only under exigent circumstances such as where a party is unable to meet his or her own needs, or the interests of justice otherwise require relief" (*Campanaro v Campanaro*, 292 AD2d 330, 331 [2002]; *see Najac v Najac, supra; Levakis v Levakis*, 7 AD3d 678 [2004]; *Macagnone v Macagnone, supra*). Absent demonstration of grounds for modification, perceived inequities in pendente lite orders are best addressed via a speedy trial at which the parties' economic circumstances may thoroughly be explored (*see Najac v Najac, supra; Levakis v Levakis, supra; Macagnone v Macagnone, supra; Campanaro v Campanaro, supra*).

In this case, the defendant failed to demonstrate entitlement to modification of the parties' pendente lite arrangements. The defendant, a man of significant means, did not demonstrate that he was unable to meet his own needs, nor did he demonstrate the existence of any exigent circumstances or any circumstances crying out for intervention in the interest of justice. Rather, the defendant's motion was based upon his allegations, which had been rejected by the Supreme Court on a prior application, that the plaintiff had misrepresented her true financial circumstances. In any event, whether this was true or not, it should have been resolved at trial.

Accordingly, the order and judgment dated June 16, 2004, which calculated the parties' respective obligations and entitlements in accordance with the order entered March 26, 2004, should be reversed, the judgment entered May 28, 2004, should be vacated, and the order entered March 26, 2004, should be vacated insofar as it granted those branches of the defendant's motion which were for a downward modification of his temporary maintenance obligation, to direct the plaintiff to pay child support, and to direct the plaintiff to pay a percentage of the college education expenses of the parties' older child, and the defendant's motion should be denied. Schmidt, J.P., S. Miller, Krausman and Fisher, JJ., concur.