■ CHARLES BOGANNAM, Appellant, v MARIANNE BOGANNAM, Respondent. [797 NYS2d 776]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Suffolk County (Pines, J.), dated November 22, 2004, which, inter alia, granted the defendant's motion for reargument of her motion and his cross motion for pendente lite relief and, upon reargument, among other things, (a) denied that branch of his cross motion which was for temporary exclusive occupancy of the parties' premises located in Hampton Bays (b), in effect, awarded the defendant the monthly rental income derived from that premises pendente lite, (c) adhered to the original determination directing him to pay the defendant the sum of $900 bi-monthly for pendente lite child support and maintenance, the carrying charges on the marital residence, an interim attorney's fee in the sum of $5,000, and an interim accountant's fee in the sum of $7,500, and (d) directed him to pay the defendant an additional interim attorney's fee in the sum of $5,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Pendente lite awards should reflect an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse with due regard for the parties' preseparation standard of living" (*Campanaro v Campanaro,* 292 AD2d 330, 330 [2002]; *see Susskind v Susskind,* 18 AD3d 536 [2005]; *DeVerna v DeVerna,* 4 AD3d 323 [2004]; *Najac v Najac,* 12 AD3d 579 [2004]). Moreover, "[a]n appellate court will rarely modify such an award, unless exigent circumstances exist, such as where a party is unable to meet his or her own financial obligations or justice otherwise requires" (*Taylor v Taylor,* 306 AD2d 401, 401 [2003]; *see Susskind v Susskind, supra; DeVerna v DeVerna, supra*). Here, the plaintiff failed to establish that the obligations temporarily imposed upon him by the court's pendente lite order will leave him unable to meet his own needs, or that other exigent circumstances warranting modification exist. Accordingly, any perceived inequities in the pendente lite order can best be remedied by a speedy trial, at which the parties' financial circumstances can be thoroughly explored (*see Susskind v Susskind, supra; Najac v Najac, supra; Oquendo v Oquendo,* 7 AD3d 687 [2004]; *Chauca v Chauca,* 5 AD3d 421 [2004]).

Furthermore, in light of the parties' disparate economic cir-

cumstances, the Supreme Court properly exercised its discretion in directing the plaintiff to pay the defendant an interim attorney's fee and accountant's fee (*see* Domestic Relations Law § 237 [a]; *O'Shea v O'Shea,* 93 NY2d 187, 193 [1999]; *Macagnone v Macagnone,* 7 AD3d 680 [2004]; *Levakis v Levakis,* 7 AD3d 678 [2004]; *DeVerna v DeVerna, supra*).

The plaintiff's remaining contentions are without merit. Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur.