■ LAWRENCE G. BIGGIO, Respondent, v JACQUELINE BIGGIO, Appellant. [800 NYS2d 756]—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), dated March 9, 2004, as denied those branches of her cross motion which were to direct the plaintiff husband to contribute to the carrying charges on the marital residence, and for an award of an interim attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Pendente lite awards should reflect an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse with due regard for the parties' preseparation standard of living" (*Susskind v Susskind*, 18 AD3d 536 [2005] [internal quotation marks omitted]; *Campanaro v Campanaro*, 292 AD2d 330 [2002]). "An appellate court will rarely modify such an award, unless exigent circumstances exist, such as where a party is unable to meet his or her own financial obligations or justice otherwise requires" (*Susskind v Susskind, supra* at 537, quoting *Taylor v Taylor*, 306 AD2d 401

[2003]; *Najac v Najac*, 12 AD3d 579 [2004]). In this case, the wife failed to demonstrate the existence of such circumstances; thus, modification of the pendente lite award is not warranted (*see Susskind v Susskind, supra; Najac v Najac, supra*). The best remedy to address perceived inequities in a pendente lite order is a speedy trial, at which the parties' respective financial circumstances may be thoroughly explored (*see Susskind v Susskind, supra; Najac v Najac, supra*).

The Supreme Court providently exercised its discretion in denying that branch of the wife's motion which was for an award of an interim attorney's fee (*see* Domestic Relations Law § 237; *Bernstein v Bernstein*, 213 AD2d 508 [1995]). H. Miller, J.P., Ritter, Goldstein and Skelos, JJ., concur.