■ DEBORAH ANN BROOKS, Respondent, v JON TRAVIS BROOKS, Appellant. [816 NYS2d 545]—

In an action for a divorce and ancillary relief, the defendant

appeals from so much of (1) an order of the Supreme Court, Nassau County (Spinola, J.), dated November 16, 2004, as granted the plaintiff's motion for pendente lite maintenance in the amount of $750 per week, and directed him to pay the minimum monthly payments on two of the plaintiff's credit cards, and (2) an order of the same court entered May 6, 2005, as, upon renewal and reargument, modified the prior determination only to the extent of reducing the award of pendente lite maintenance to $250 per week, and otherwise adhered to the prior determination.

Ordered that the appeal from the order dated November 16, 2004 is dismissed, without costs or disbursements, as that order was superseded by the order entered May 6, 2005, made upon renewal and reargument; and it is further,

Ordered that the order entered May 6, 2005 is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on November 10, 1991 and had no children. On or about October 9, 2003 the plaintiff commenced this action for a divorce and ancillary relief. Subsequently, she moved for pendente lite relief. The plaintiff was employed and earned an annual income of $73,082.28 but alleged that she was no longer able to work due to asthma and bronchitis. The defendant's 2002 W-2 statement indicated that he earned an annual income of $152,679.04. The Supreme Court, inter alia, granted the plaintiff $750 per week in pendente lite maintenance and directed the defendant to pay the minimum monthly payments on two of the plaintiff's credit cards. Subsequently, the parties learned that the plaintiff was eligible for long-term disability benefits. Upon renewal and reargument, the Supreme Court reduced its award of pendente lite maintenance from $750 per week to $250 per week.

"Modifications of pendente lite awards should rarely be made by an appellate court, and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations or justice otherwise requires" (*Albanese v Albanese*, 234 AD2d 489, 490 [1996]; *see Taylor v Taylor*, 306 AD2d 401 [2003]). "The best remedy for any perceived inequities in a pendente lite award is a speedy trial where the financial circumstances of the parties can be fully explored" (*Albanese v Albanese, supra* at 490).

Here, the defendant did not allege an inability to pay the award or show any exigent circumstances to warrant modification of the Supreme Court's May 6, 2005 reduced award of pendente lite relief (*see Taylor v Taylor, supra*). The defendant's remedy for his assertions that the plaintiff engaged in dilatory

tactics intended to obstruct discovery and thereby prolong the pendente lite award is to apply for an appropriate sanction to the assigned Supreme Court Justice.

The defendant's remaining contentions are without merit. Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.