■ RAFFAELE CARE, Plaintiff, v FAZIO NAZZARENA, Respondent. GIOVANNINA DIZENZO, Nonparty Appellant. [835 NYS2d 920]—

In an action for a divorce and ancillary relief, the nonparty Giovannina Dizenzo, who has durable power of attorney over the plaintiff husband's assets, appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated August 4, 2005, as, in effect, granted those branches of the defendant wife's motion which were for pendente lite maintenance in the sum of $200 per week

and an award of interim attorney's fees in the sum of $2,500, and (a) directed the nonparty Giovannina Dizenzo to pay the sum of $40,703.21 to the defendant wife's attorney by July 22, 2005, to be held in an escrow or attorney trust account pending completion of the case, (b) directed the nonparty Giovannina Dizenzo to pay the sum of $531 to the defendant wife's attorney by July 22, 2005, to be held in an escrow or attorney trust account, (c) directed the defendant wife's attorney, as escrow agent, to pay to the defendant wife the sum of $200 per week commencing on April 26, 2005, and continuing until completion of the case or depletion of the escrow account, whichever occurs first, and (d) directed the defendant wife's attorney, as escrow agent, to pay herself the sum of $2,500 from the escrow account for interim attorney's fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

The nonparty, Giovannina Dizenzo, holds a durable power of attorney over the assets of the plaintiff husband in this matrimonial action. On appeal, Dizenzo contends that the Supreme Court erred by, in effect, granting those branches of the defendant wife's motion which were for pendente lite maintenance in the sum of $200 per week and an award of interim attorney's fees in the sum of $2,500. She further contends that the Supreme Court improperly directed her to turn over certain of the husband's funds so that an escrow account could be created.

We decline to disturb the Supreme Court's award of pendente lite maintenance and interim attorney's fees, and we decline to disturb the Supreme Court's direction that Dizenzo turn over certain of the husband's funds so that an escrow account could be created. Dizenzo has not shown that exigent circumstances exist such that the plaintiff husband cannot meet his own financial obligations (*see Grant v Grant,* 299 AD2d 521 [2002]; *Campanaro v Campanaro,* 292 AD2d 330 [2002]; *Landau v Landau,* 258 AD2d 508 [1999]; *Gold v Gold,* 212 AD2d 503 [1995]; *Raniolo v Raniolo,* 185 AD2d 974 [1992]). Perceived inequities in a pendente lite award are best remedied by a speedy trial, which will afford the best opportunity to explore the parties' financial circumstances (*see Biggio v Biggio,* 21 AD3d 919 [2005]; *Balkin v Balkin,* 8 AD3d 416 [2004]).

Dizenzo's remaining contentions are without merit. Miller, J.P., Ritter, Santucci and Florio, JJ., concur.