■ PETER STUBBS, Appellant-Respondent, v ELLEN STUBBS, Respondent-Appellant. [839 NYS2d 511]—

In an action for a divorce and ancillary relief, the husband appeals from stated portions of an order of the Supreme Court, Suffolk County (Murphy, J.), dated March 31, 2006, which, inter alia, granted those branches of the wife's motion which were for an award of pendente lite maintenance, counsel fees, and an expert witness fee, and the wife cross-appeals from stated portions of the same order which, inter alia, granted that branch of

her motion which was for an award of pendente lite maintenance only to the extent of awarding her the sum of $3,000 per month, and denied that branch of her motion which was to compel the husband, pendente lite, to pay all carrying charges on the marital residence.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The award to the wife of pendente lite maintenance in the sum of $3,000 per month was a proper accommodation between the reasonable needs of the wife and the financial ability of the husband, giving due regard to the parties' standard of living prior to the commencement of this action (*see Iwanow v Iwanow*, 39 AD3d 476 [2007]; *Iannone v Iannone*, 31 AD3d 713, 714 [2006]; *Cooper v Cooper*, 7 AD3d 746, 747 [2004]; *Campanaro v Campanaro*, 292 AD2d 330 [2002]). In general, a speedy trial is the proper remedy for a perceived inequity in a pendente lite award, and modification on appeal is rare absent exigent circumstances not present here (*see Brooks v Brooks*, 30 AD3d 363, 364 [2006]; *Taylor v Taylor*, 306 AD2d 401 [2003]).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in awarding the wife temporary exclusive occupancy of the marital residence (*see O'Connor v O'Connor*, 305 AD2d 476, 476-477 [2003]).

In view of the disparity in the financial circumstances of the parties, with the wife having no independent source of income, the Supreme Court providently exercised its discretion in awarding interim counsel fees to the wife (*see Assini v Assini*, 11 AD3d 417, 419 [2004]; *Macagnone v Macagnone*, 7 AD3d 680, 681 [2004]).

The Supreme Court properly awarded an appraiser's expert witness fee to the wife even though the husband's corporation had a shareholder's agreement with a provision for valuating shares. The Court of Appeals has held that a shareholder's agreement that fixes the price of stock in a closely held corporation is not conclusive evidence of the value of the stock (*see Amodio v Amodio*, 70 NY2d 5, 7 [1987]). Rather, the shareholder's agreement is only one factor which should be considered in evaluating the value of the stock (*see Amodio v Amodio, supra*; *Wittig v Wittig*, 258 AD2d 883 [1999]; *Beige v Beige*, 220 AD2d 636, 637 [1995]).

The wife's remaining contention is without merit (*see Brooks v Brooks, supra; Taylor v Taylor, supra*). Schmidt, J.P., Crane, Krausman and Dickerson, JJ., concur.