■ CHRISTOPHER McLEOD, Respondent, v DOROTHEA McLEOD, Appellant. [854 NYS2d 910]—In an action for a divorce and ancillary relief, the wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Rockland County (Berliner, J.), dated June 7, 2007, which, inter alia, denied those branches of her motion which were for pendente lite maintenance and an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The purpose of a pendente lite award is to "tide over the more needy party, not to determine the correct ultimate distribution" (Iannone v Iannone, 31 AD3d 713, 714 [2006] [internal quotation marks omitted]; Jordan v Jordan, 2 AD3d 687, 688 [2003]; see Swickle v Swickle, 47 AD3d 704 [2008]; Horowitz v Horowitz, 237 AD2d 490 [1997]; Roach v Roach, 193 AD2d 660 [1993]). Moreover, "perceived inequities in pendente lite orders are best addressed via a speedy trial at which the parties' economic circumstances may be thoroughly explored" (DeVerna v DeVerna, 4 AD3d 323, 324 [2004] [internal quotation marks omitted]; Campanaro v Campanaro, 292 AD2d 330, 331 [2002]; see Gorman v Gorman, 286 AD2d 475, 476 [2001]; Aliano v Aliano, 285 AD2d 522 [2001]).

Contrary to the defendant's contentions, the Supreme Court properly considered the relative financial status of the parties and their prior agreements, and did not improvidently exercise its discretion (see Wolf v Wolf, 291 AD2d 491 [2002]). Nor did the court err in denying the defendant's application for an award of an attorney's fee at this juncture (see 22 NYCRR 202.16 [k] [2]; Bertone v Bertone, 15 AD3d 326 [2005]; Matter of Fischer-Holland v Walker, 12 AD3d 671 [2004]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Fisher, Miller and Balkin, JJ., concur.