■ KATHLEEN PASCAZI, Respondent, v MICHAEL PASCAZI, Appellant. [861 NYS2d 95]—

In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Dutchess County (Brands, J.), dated June 28, 2006, which, inter alia, granted those branches of the wife's motion which were for pendente lite exclusive use and occupancy of the marital residence, to enjoin both parties from dissipating, selling, transferring, or otherwise encumbering any marital assets, and to authorize the wife to withdraw up to the sum of $13,000 per month from the parties' Smith Barney and/or Ameritrade accounts for maintenance, child support, and educational expenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting that branch of the wife's motion which was for pendente lite exclusive use and occupancy of the marital residence on the ground that the husband has voluntarily established an alternative residence and his return would cause domestic strife (*see Taub v Taub*, 33 AD3d 612 [2006]; *Iannone v Iannone*, 31 AD3d 713, 715 [2006]; *Mitzner v Mitzner*, 228 AD2d 483 [1996]). The husband waived his right to a hearing with respect to that issue by failing to request such a hearing within the time set forth by the court.

Pursuant to Domestic Relations Law § 234, the Supreme Court had the authority to grant an injunction to preserve the status quo of marital assets pending distribution (*see Drazal v Drazal*, 122 AD2d 829 [1986]; *Lopez v Lopez*, 121 AD2d 515 [1986]). The husband's contention that the Supreme Court exercised that authority improvidently is without merit.

The husband's contention that the court failed to consider the relevant factors in authorizing the wife to withdraw up to the sum of $13,000 per month from the parties' securities accounts is also without merit. The court was not obligated to consider the specific factors enumerated in Domestic Relations Law § 236 (B) (5) (d) and (6) (a) in determining the wife's motion for pendente lite relief (*see Kyriazis v Kyriazis*, 260 AD2d 447, 448 [1999]; *Frankenbach v Frankenbach*, 244 AD2d 524, 525 [1997]; *George v George*, 192 AD2d 693 [1993]). Although the court was required to set forth the factors it considered in reaching its determination (*see Frankenbach v Frankenbach*, 244 AD2d at 525; *Fieland v Fieland*, 229 AD2d 465 [1996]), it did so here. The pendente lite award reflected "an accommodation between the reasonable needs of the [wife] and the financial ability of the [husband], with due regard for the parties' preseparation standard of living" (*Miller v Miller*, 24 AD3d 521,

521 [2005], quoting *Bogannam v Bogannam*, 20 AD3d 442 [2005]). In any event, "any perceived inequities in pendente lite support and maintenance can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (*Swickle v Swickle*, 47 AD3d 704, 705 [2008]; *see Susskind v Susskind*, 18 AD3d 536, 537 [2005]; *Najac v Najac*, 12 AD3d 579 [2004]).

The husband's remaining contentions either are without merit or have been improperly raised for the first time on appeal (*see Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.*, 28 AD3d 466 [2006]; *Matter of Lydia K.*, 112 AD2d 306 [1985], *affd on opn below* 67 NY2d 681 [1986]). Spolzino, J.P., Florio, Angiolillo and Dickerson, JJ., concur.