■ MAGDALINE SCULLY, Respondent, v THOMAS B. SCULLY, Appellant. [864 NYS2d 41]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from stated portions of a judgment of the Supreme Court, Orange County (McGuirk, J.), entered May 4, 2006, which, upon a decision of the same court dated January 31, 2006, made after a nonjury trial, inter alia, awarded the plaintiff child support in the sum of $485 per week and maintenance in the sums of $550 per week until June 30, 2011, and $200 per week from July 1, 2011 until December 31, 2014, and (2) from an order of the same court dated November 30, 2006, which, after a hearing, and upon granting his motion for a downward modification of a pendente lite order of child support and maintenance dated July 18, 2003, reduced his pendente lite child support obligation from the sum of $300 per week only to the sum of $150 per week and reduced his pendente lite maintenance obligation from the sum of $250 per week only to the sum of $100 per week.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding the plaintiff maintenance and child support; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a new hearing and determination on the issues of maintenance and child support before a different Justice, in accordance herewith, and for the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that pending the new determination, the defendant shall pay child support to the plaintiff in the sum of $400 per week and shall pay maintenance to the plaintiff in the sum of $350 per week; and it is further,

Ordered that the order dated November 30, 2006 is affirmed, without costs or disbursements.

The parties were married in 1986 and are the parents of two children. In 2003 the defendant husband moved out of the marital home and the plaintiff wife commenced this action for a divorce and ancillary relief. On July 18, 2003 a pendente lite order was issued, directing the husband to pay the wife the sums of $300 per week for child support and $250 per week for maintenance, based on a finding that he earned the sum of approximately $100,000 per year and that the wife earned the

sum of $5,000 in annual income. The parties stipulated to the issues of custody and the grounds for the divorce, and a nonjury trial was conducted in early 2004 to resolve the remaining issues of child support, maintenance, and equitable distribution.

In May 2004—shortly after the trial, but before the Supreme Court issued its trial decision—the husband lost his job. The husband informed the court of this development in December 2004 when he moved for a downward modification of his pendente lite child support and maintenance obligations. Moreover, at a hearing held in February 2005 on the husband's motion, the court heard extensive testimony on the issue of the husband's loss of employment.

Nevertheless, in a decision dated January 31, 2006, which addressed the issues disputed at the trial held in early 2004, the Supreme Court wrote that the husband was employed as a director of facilities for a hospital, earning the sum of approximately $104,000 per year, and calculated the husband's prospective maintenance and child support obligations based on that sum, plus an additional sum of $10,000 per year that it imputed to him for side jobs he performed outside his employment with the hospital. On May 4, 2006 judgment was entered upon the decision, inter alia, obligating the husband to pay child support in the sum of $485 per week and maintenance in the sums of $550 per week until June 30, 2011, and $200 per week from July 1, 2011, until December 31, 2014.

Thereafter, in an order dated November 30, 2006, the Supreme Court granted the husband's motion for a downward modification of his pendente lite child support and maintenance obligations, upon finding that his loss of employment constituted a change of circumstances which warranted a reduction of those obligations.

Since the issue of the husband's loss of employment was before the Supreme Court when it entered judgment, its calculation of his prospective maintenance and child support obligations, based upon a gross annual income of $114,000, was inconsistent with its grant of the motion for a downward modification of the husband's pendente lite obligations. Accordingly, the record does not support the Supreme Court's determination of the husband's prospective maintenance and child support obligations. Under the circumstances, a de novo determination of the husband's prospective maintenance and child support obligations is required (cf. Manno v Manno, 224 AD2d 395 [1996]).

In the absence of exigent circumstances, we do not disturb the order reducing the husband's pendente lite support obligations (see McGarrity v McGarrity, 49 AD3d 824 [2008]; Stubbs v

*Stubbs*, 41 AD3d 832, 833 [2007]; *Brooks v Brooks*, 30 AD3d 363, 364 [2006]; *see also* Domestic Relations Law § 236 [B] [9] [b]). However, under the circumstances of this case, we have reduced the defendant's interim child support and maintenance obligations pending the new determination of his prospective child support and maintenance obligations.

The defendant's remaining contentions are without merit. Fisher, J.P., Miller, McCarthy and Chambers, JJ., concur.