LIANA H. LEUNG, Respondent, v JOSH B. MOOSIKASUWAN, Appellant. [870 NYS2d 448]

Contrary to the defendant husband's contention, the Supreme Court was not obligated to consider the specific statutory factors enumerated in Domestic Relations Law § 236 (B) (5) (d) and (6) (a) in determining that branch of the plaintiff wife's cross motion which was for an award of temporary maintenance (*see Pascazi v Pascazi*, 52 AD3d 664, 665 [2008]; *Frankenbach v Frankenbach*, 244 AD2d 524, 525 [1997]; *LoMuscio-Hamparian v Hamparian*, 137 AD2d 500, 501 [1988]; *Belfiglio v Belfiglio*, 99 AD2d 462 [1984]). The court was required to set forth the factors it relied upon and the reasons underlying its determination (*see* Domestic Relations Law § 236 [B] [6] [b]; *Pascazi v Pascazi*, 52 AD3d at 665), and it complied with this requirement here.

Furthermore, the Supreme Court properly considered the relative financial circumstances of the parties and their prior agreements, and did not improvidently exercise its discretion in awarding the wife temporary maintenance (*see McLeod v McLeod*, 50 AD3d 979 [2008]; *Wolf v Wolf*, 291 AD2d 491 [2002]; *Roach v Roach*, 193 AD2d 660, 661 [1993]). "An appellate court will rarely modify such an award, unless exigent circumstances exist, such as where a party is unable to meet his or her own financial obligations or justice otherwise requires" (*Taylor v Taylor*, 306 AD2d 401 [2003]). The husband has failed to demonstrate any such exigent circumstances (*see Ruane v Ruane*, 55 AD3d 586 [2008]; *Care v Nazzarena*, 41 AD3d 406, 407 [2007]; *Levine v Levine*, 19 AD3d 374, 376 [2005]), and thus there is no basis for modification of the temporary maintenance award.

The husband's remaining contention is without merit. Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.