■ ARTHUR MBANEFO, Appellant, v JENNIFER WARREN MBANEFO, Respondent. [874 NYS2d 809]—In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Tolbert, J.), entered February 21, 2007, which, inter alia, granted those branches of the defendant's motion which were for pendente lite maintenance and an award of an interim attorney's fee.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

" 'Pendente lite awards should reflect an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse with due regard for the parties' preseparation standard of living' " (*Bogannam v Bogannam,* 20 AD3d 442, 442 [2005], quoting *Campanaro v Campanaro,* 292 AD2d 330, 330 [2002]; *see* Domestic Relations Law § 236 [B] [6]; *Campion v Campion,* 264 AD2d 705 [1999]; *Ash v Ash,* 262 AD2d 436 [1999]; *Landau v Landau,* 258 AD2d 508 [1999]).

Under the circumstances, the Supreme Court properly directed the plaintiff to pay the defendant monthly maintenance pendente lite as provided by the parties' previous agreement (*see McLeod v McLeod,* 50 AD3d 979 [2008]; *Bogannam v Bogannam,* 20 AD3d 442 [2005]).

In light of the parties' disparate economic circumstances and the submission of proof on the issue, the award of an attorney's fee was a provident exercise of discretion (*see Prichep v Prichep,* 52 AD3d 61 [2008]; *McGarrity v McGarrity,* 49 AD3d 824, 826 [2008]; *Stubbs v Stubbs,* 41 AD3d 832 [2007]; *Bogannam v Bogannam,* 20 AD3d 442 [2005]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Florio, Dickerson and Belen, JJ., concur.