Belmonte v Belmonte (2022 NY Slip Op 06844)

Belmonte v Belmonte

2022 NY Slip Op 06844

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

533287
[*1]Linda M. Belmonte, Respondent,
v
Paul J. Belmonte, Appellant.

Calendar Date:October 14, 2022

Before:Garry, P.J., Egan Jr., Clark, Ceresia and Fisher, JJ.

Assaf & Siegal PLLC, Albany (Michael D. Assaf of counsel), for appellant.
Mack & Associates, PLLC, Albany (Barrett D. Mack of counsel), for respondent.

Clark, J.
Appeal from an order of the Supreme Court (Brian D. Burns, J.), entered April 26, 2021 in Otsego County, which, among other things, denied defendant's cross motion to vacate a prior order and to classify certain assets as separate property.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in April 2018. In December 2016, prior to the marriage, the wife commenced an action alleging that the parties formed a business partnership around 2010 and agreed to buy, sell, renovate and rent real property located in Otsego County. Through written stipulation in May 2017, the parties agreed to resolve their dispute by transferring real property titled in each of their names to joint ownership.
The wife commenced the instant matrimonial action in June 2020, and the parties have engaged in extensive pre-discovery motion practice. In February 2021, in response to a motion filed by the wife, Supreme Court issued an order directing the husband to deposit the proceeds from a post-commencement sale of two parcels of real property into escrow — half through his counsel and half through the wife's counsel — prior to March 5, 2021.[FN1] After the husband failed to place the proceeds in escrow, the wife moved to hold the husband in contempt, and the husband cross-moved for a declaration that certain real property — including the two parcels he sold — was separate property and for an order vacating the February 2021 order. In April 2021, Supreme Court denied the husband's cross motion, found that he had willfully violated the terms of the February 2021 order and declared him in contempt. The husband appeals.
Initially, the husband contends that Supreme Court erred in denying his pretrial cross motion to classify certain assets as separate property. "[T]he initial determination of whether a particular asset is marital or separate property is a question of law, subject to plenary review on appeal" (Fields v Fields, 15 NY3d 158, 161 [2010] [internal quotation marks and citation omitted]; accord Miszko v Miszko, 163 AD3d 1204, 1205 [3d Dept 2018], lv denied 33 NY3d 907 [2019]). While property acquired pre-marriage is presumed to be separate property (see Domestic Relations Law § 236 [B] [1] [d] [1]), the nontitled spouse could be entitled to a credit for contributions or efforts that led to an increase in the property's value (see Domestic Relations Law § 236 [B] [1] [d] [3]; Johnson v Chapin, 12 NY3d 461, 466 [2009]).
In support of his cross motion, the husband submitted his own affidavit, various deeds and titles showing the titled owners of each property, and an expenditures list showing sums but lacking any detail as to how or where each sum was expended. The parties agree that neither has performed their duty under their 2017 stipulation, leaving ownership interests for the parties' properties and businesses unclear. Our review indicates that the record on appeal lacks sufficient information — beyond the husband's self-serving statements[*2]— to determine the appropriate ownership interests, the current value of the properties or any improvements made to the properties during the marriage. While we generally encourage pretrial classification of assets, under these circumstances, "Supreme Court did not abuse its discretion in denying the husband's cross motion to classify assets as separate property pretrial as additional discovery will place the motion court in a far better position to determine this legally dispositive issue — namely, what, if any, appreciation in the value of the real property can be considered marital property" (Carter v Fairchild-Carter, 199 AD3d 1291, 1293 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Ramadan v Ramadan, 195 AD3d 1174, 1177 [3d Dept 2021]; Pace v Pace, 187 AD3d 1443, 1445 [3d Dept 2020]).
We similarly conclude that Supreme Court appropriately declined to vacate its February 2021 order. Contrary to the husband's assertion, Supreme Court was empowered to issue an order directing him to hold the proceeds from the sale of two parcels of real property in escrow until it can hold a hearing to determine whether the parcels — and by extension the proceeds from their sales — should be classified as either separate or marital property (see Domestic Relations Law § 234; Nederlander v Nederlander, 102 AD3d 416, 416 [1st Dept 2013]; cf. Whitaker v Case, 122 AD3d 1015, 1020 [3d Dept 2014]).
Lastly, "[a] party seeking a finding of civil contempt based upon the violation of a court order must establish by clear and convincing evidence that the party charged with contempt had actual knowledge of a lawful, clear and unequivocal order, that the charged party disobeyed that order, and that this conduct prejudiced the opposing party's rights" (Matter of John U. v Sara U., 195 AD3d 1280, 1283 [3d Dept 2021] [internal quotation marks and citation omitted]). Whether a violation is willful "distills to a credibility determination," which we will only disturb upon "an abuse of discretion" (Matter of Tamika B. v Pamela C., 187 AD3d 1332, 1338 [3d Dept 2020] [internal quotation marks and citations omitted]).
The husband does not dispute that the February 2021 order clearly directed him to deposit the sale proceeds into escrow, that he was aware of such term or that he refused to comply with it. Rather, he contends that Supreme Court was not authorized to issue the order because the money was generated through the sale of his separate property. As previously noted, the court was authorized to issue the February 2021 order directing that the proceeds be held in escrow until they could be classified as either separate or marital property, and the husband's mistaken belief about the court's authority did not entitle him to disregard a court order (see Matter of National Enters., Inc. v Clermont Farm Corp., 46 AD3d 1180, 1183 [3d Dept 2007]; Matter of Village of St. Johnsville v Triumpho, 220 AD2d 847, 848 [3d Dept 1995], lv denied 87 NY2d [*3]809 [1996]). Under these circumstances, and deferring to the court's credibility determinations, we find that the court did not abuse its discretion when it found that the husband willfully violated the February 2021 order or when it found the husband in contempt (see Matter of Michael M. v Makiko M., 152 AD3d 909, 910 [3d Dept 2017]; Somerville v Somerville, 26 AD3d 647, 648 [3d Dept 2006], lv dismissed 7 NY3d 859 [2006]; compare Matter of Tamika B. v Pamela C., 187 AD3d at 1338). To the extent not expressly addressed herein, the husband's remaining arguments have been reviewed and found to be without merit.
Garry, P.J., Egan Jr., Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: We denied the husband's motion for a stay from the February 2021 order (2021 NY Slip Op 62642 [U] [3d Dept 2021]), and the husband did not perfect an appeal from this order.