Allen v Allen (2024 NY Slip Op 05626)

Allen v Allen

2024 NY Slip Op 05626

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Webber, J.P., Singh, Gesmer, González, Scarpulla, JJ. 

Index No. 365136/21 Appeal No. 3031 Case No. 2024-01878 

[*1]Susan Tisch Allen, Plaintiff-Respondent,
v
Jeffrey Allen, Defendant-Appellant.

Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for appellant.
Teitler & Teitler, LLP, New York (John M. Teitler of counsel), for respondent.

Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered on or about February 29, 2024, which granted plaintiff wife's motion for pendente lite relief in its entirety, unanimously affirmed, without costs.
Supreme Court properly determined that the automatic orders set forth in Domestic Relations Law § 236(B)(2)(b(1) restrained the parties from transferring, encumbering, assigning, withdrawing, or disposing of assets without the written consent of the other party or consent of the court (see El-Dehdan v El-Dehdan, 26 NY3d 19, 33 n 3 [2015]; Spencer v Spencer, 159 AD3d 174, 181 [2d Dept 2018]). In light of the complexity of the real estate entities at issue, the court properly concluded that an injunction was necessary to preserve the financial status quo of the parties by proscribing certain conduct until a determination on the merits of the case could be made (see Joseph v Joseph, 230 AD2d 716, 717 [2d Dept 1996]). Further, although some of the properties in dispute were acquired after the matrimonial action was filed, the record does not conclusively establish that no marital funds were used in their purchase (see Ader v Ader, 213 AD3d 402, 403 [1st Dept 2023]; Belmonte v Belmonte, 211 AD3d 1131, 1132-1133 [3d Dept 2022]).
To the extent the order affects defendant's ability to conduct business, a speedy trial is an aggrieved party's remedy for any perceived inequities in a pendente lite award, and we find no exception applicable here (see Wolinsky v Berkowitz, 227 AD3d 433, 433 [1st Dept 2024]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024