■ KATHERINE OTTO, Respondent, v LAWRENCE OTTO, Appellant. [787 NYS2d 375]—

In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Sgroi, J.), dated March 14, 2003, as directed him to pay pendente lite maintenance and child support.

Ordered that the order is affirmed insofar as appealed from, with costs.

Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances (*see Albanese v Albanese,* 234 AD2d 489 [1996]). Under the circumstances of this case, the pendente lite order of the Supreme Court should not be disturbed on appeal.

The husband contends that the Supreme Court erred in directing him to pay both child support and the carrying charges on the marital residence because this resulted in a double shelter allowance. The husband's contention is without merit. Since the Supreme Court did not apply the Child Support Standards Act in fixing pendente lite child support, there is no requirement that the court deduct the amount awarded for carrying charges before determining the appropriate amount of child support (*see Fischman v Fischman,* 209 AD2d 916 [1994]; *cf. George v George,* 192 AD2d 693 [1993]).

The appellant's remaining contentions are without merit. Santucci, J.P., Adams, Cozier and Rivera, JJ., concur.