■ ORIT SWICKLE, Appellant, v MARC SWICKLE, Respondent. [850 NYS2d 487]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, and by her letter dated September 6, 2007, from so much of an order of the Supreme Court, Nassau County (Stack, J.), dated February 9, 2007, as directed the defendant to pay pendente lite maintenance in the sum of only $2,500 per month and pendente lite child support in the sum of only $500 per month, and awarded her an attorney's fee in the sum of only $5,000.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The purpose of a pendente lite award is to "tide over the more needy party" (Jordan v Jordan, 2 AD3d 687, 688 [2003] [internal quotation marks omitted]). A pendente lite award of support should reflect an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse with due regard for the parties' pre-separation standard of living (see Miller v Miller, 24 AD3d 521 [2005]; Bogannam v Bogannam, 20 AD3d 442 [2005]). Modifications of pendente lite maintenance and child support should rarely be made by an appellate court, and then only under exigent circumstances, such as when a party is unable to meet his or her financial obligations, or when justice otherwise requires (see DeVerna v DeVerna, 4 AD3d 323 [2004]; Aliano v Aliano, 285 AD2d 522 [2001]; Piali v Piali, 247 AD2d 455, 456 [1998]).

Consequently, any perceived inequities in pendente lite support and maintenance can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (*see Susskind v Susskind,* 18 AD3d 536, 537 [2005]; *Najac v Najac,* 12 AD3d 579 [2004]). The plaintiff failed to establish that the pendente lite awards for maintenance and child support were inadequate.

The Supreme Court also did not improvidently exercise its discretion in awarding an attorney's fee of $5,000 (*see* Domestic Relations Law § 237 [a]; *Bogannam v Bogannam,* 20 AD3d at 442). Ritter, J.P., Florio, Miller and Dillon, JJ., concur.