JOHN P. WHELAN, Respondent, v EILEEN WHELAN, Appellant. [873 NYS2d 648]—

In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Kent, J.), dated March 4, 2008, as granted that branch of her motion which was for

pendente lite child support only to the extent of awarding her the sum of $110 per week, and granted that branch of her motion which was for pendente lite maintenance only to the extent of awarding her the sum of $100 per week.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendant's motion which was for pendente lite child support to the extent of awarding the defendant the sum of $110 per week and substituting therefor a provision granting that branch of the motion to the extent of awarding pendente lite child support in the sum of $400 per week; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

The plaintiff husband and the defendant wife were married in 1987, and have four children. The husband is a retired New York City Police Officer who receives a gross pension of approximately $62,000 per year (approximately $50,000 from the regular pension and $12,000 from a supplemental variable annuity). In 2006, the year before this action was commenced, the husband earned approximately $43,000 working for a security firm, so that the family had a total income of $105,000, all earned by the husband.

In August 2007, after the husband moved out of the marital home, he commenced this action by service of a summons with notice. Thereafter, the wife moved for pendente lite relief, seeking, inter alia, maintenance, child support, exclusive use and occupancy of the marital residence, and payment of all of the carrying charges on the marital residence. The husband subsequently agreed that she should have exclusive use and occupancy of the marital residence. The court directed him to pay the mortgage and home equity loan, the taxes and some of the carrying charges and various other expenses totaling $1,400 per month. It also directed the husband to pay the wife pendente lite maintenance of $100 a week and pendente lite child support of $110 a week.

"Pendente lite awards 'should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse . . . with due regard for the preseparation standard of living.' A speedy trial is ordinarily the proper remedy to rectify a perceived inequity in a pendente lite award, though 'the rule is not ironclad when the award is deficient.' In such a case, this court may substitute a discretionary determination for that of the trial court" (*Wald v Wald*, 44 AD3d 848, 849-850 [2007] [citations omitted]). This is such a case.

We agree with the wife that the amount awarded for child support is insufficient to enable her to pay her bills. She has shown that it is impossible to pay her bills and properly provide for the children on the amount provided by the court. Even using the amount the husband sets forth in his net worth statement as the amount required for food for a single person, and extrapolating that for four children, the amount of support the court ordered is significantly less than the total cost of food for the four children.

Furthermore, we find it proper to impute to the husband his earnings from the previous year in calculating child support. While it may be true that this year his earnings have decreased, he has failed to show why he could not find either additional work, or other work, or a different employer, and have the same income he previously earned.

Finally, the wife sufficiently stated a reason for not working at this particular time. She showed that she has been attempting to become self-sufficient, and that this attempt started during the course of the marriage. Therefore, for the year 2008, the wife showed a sufficient basis for not working and instead continuing to complete her course of education.

Accordingly, the amount awarded for pendente lite child support was clearly insufficient and should be increased to $400 per week.

The defendant's remaining contention is without merit. Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.