■ ZEENAT MALIK, Respondent, v ZAHEER MALIK, Appellant. [886 NYS2d 826]—In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Fitzmaurice, J.), dated September 23, 2008, as granted those branches of the plaintiff's motion which were for an award of pendente lite child support and maintenance, and to direct him to temporarily pay the children's medical and dental expenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires" (*Levakis v Levakis*, 7 AD3d 678, 678 [2004]; *see Silver v Silver*, 46 AD3d 667, 668 [2007]). Pendente lite awards "should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse . . . with due regard for the preseparation standard of living" (*Levakis v Levakis*, 7 AD3d at 678 [internal quotation marks omitted]; *see Silver v Silver*, 46 AD3d at 668; *Byer v Byer*, 199 AD2d 298 [1993]). "A speedy trial is ordinarily the proper remedy to rectify a perceived inequity in a pendente lite award" (*Levakis v Levakis*, 7 AD3d at 678).

The Supreme Court providently exercised its discretion in awarding the plaintiff the sum of $1,500 per month in temporary

child support and $250 per week in temporary maintenance, and in directing the defendant to temporarily pay the medical and dental expenses of the children (*id.* at 679). The defendant has failed to establish the existence of exigent circumstances sufficient to warrant a modification of the pendente lite awards (*see McGarrity v McGarrity,* 49 AD3d 824 [2008]).

The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.