■ Laura Maksoud, Respondent, v Hassam Maksoud, Appellant. [896 NYS2d 387]—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Zimmerman, J.), dated November 26, 2008, as granted the plaintiff wife's motion for pendente lite relief awarding her temporary child support in the sum of $600 per week and maintenance in the sum of $400 per week, and directing him to pay all of the carrying costs on the marital residence.

Ordered that the order is affirmed insofar as appealed from, with costs.

A pendente lite award of support should reflect an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse with due regard for the parties' preseparation standard of living (*see Miller v Miller*, 24 AD3d 521 [2005]; *Bogannam v Bogannam*, 20 AD3d 442 [2005]). Modifications of pendente lite maintenance and child support should rarely be made by an appellate court, and then only under exigent circumstances, such as when a party is unable to meet his or her financial obligations, or when justice otherwise requires (*see DeVerna v DeVerna*, 4 AD3d 323 [2004]; *Aliano v Aliano*, 285 AD2d 522 [2001]; *Piali v Piali*, 247 AD2d 455 [1998]). Consequently, any perceived inequities in pendente lite support and maintenance can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (*see Susskind v Susskind*, 18 AD3d 536, 537 [2005]; *Najac v Najac*, 12 AD3d 579 [2004]).

The husband argues that the payments required for, inter alia, child support ($600 per week), maintenance ($400 per week), and carrying costs on the marital residence ($359 per week), left him with insufficient income to meet his reasonable needs. The husband additionally contends that the parties' investment properties were operating at a loss and, therefore, his payment of the carrying costs of those properties should be considered in determining the appropriateness of the pendente lite support award. However, the contention that the properties were operating at a loss is not supported by the record, and the awards were proper under the circumstances and should not be disturbed on appeal. Moreover, the husband's contention that the Supreme Court awarded the wife a double shelter allowance by ordering him to pay carrying costs on the marital residence in addition to child support is without merit, as the Supreme Court did not apply the Child Support Standards Act when calculating the award (*see Otto v Otto*, 13 AD3d 503 [2004]; *Ayoub v Ayoub*, 63 AD3d 493, 497 [2009]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.