■ Malina Nealis, Appellant, v Kevin Nealis, Respondent. [895 NYS2d 880]—In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief and a letter dated February 18, 2010, from so much of an order of the Supreme Court, Orange County (Alessandro, J.), dated September 30, 2008, as granted that branch of her cross motion which was for an award of $25,000 per month in pendente lite child support only to the extent of awarding her $1,500 per month in pendente lite child support.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff wife and the defendant husband were married on August 25, 1984; they have three children. During their marriage, the parties invested in small and mid-sized rental properties throughout the tri-state area, eventually owning 23 build-

ings with an estimated total value of $50,000,000. On or about May 25, 2007, the plaintiff commenced this action for a divorce and ancillary relief. Approximately one year later, she cross-moved for certain pendente lite relief, including $25,000 per month in child support. The Supreme Court granted that branch of her motion to the extent of awarding her $1,500 per month in child support. The plaintiff appeals. We affirm.

Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as when a party cannot meet his or her financial obligations (*see Brooks v Brooks*, 30 AD3d 363, 364 [2006]; *Otto v Otto*, 13 AD3d 503 [2004]). "[A]ny perceived inequities in pendente lite support and maintenance can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (*Swickle v Swickle*, 47 AD3d 704, 705 [2008]). Here, the plaintiff failed to meet her burden of demonstrating exigent circumstances.

We reject the defendant's contention that the plaintiff should be sanctioned for filing an allegedly frivolous appeal (*see generally* 22 NYCRR 130-1.1). Dillon, J.P., Santucci, Balkin and Sgroi, JJ., concur.