■ BRIAN J. LEVY, Respondent, v MARISA LEVY, Appellant. [897 NYS2d 910]—In an action, inter alia, for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated June 3, 2009, as granted those branches of the plaintiff's cross motion which were to modify a previous order of pendente lite support dated April 7, 2008, by imputing to her annual income in the sum of $50,000 and by relieving the plaintiff of his obligation to make temporary child support payments to her in the amount of $150 per week and make temporary maintenance payments to her in the amount of $350 per week.

Ordered that the order dated June 3, 2009, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was to modify the previous order of pendente lite support dated April 7, 2008, by relieving the plaintiff of his obligation to make temporary child support payments to the defendant in the amount of $150 per week and make temporary maintenance payments to the defendant in the amount of $350 per week, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order dated June 3, 2009, is affirmed insofar as appealed from, with costs to the defendant.

"Pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse . . . with due regard for the preseparation standard of living" (*McGarrity v McGarrity*, 49 AD3d 824, 825 [2008] [internal quotation marks omitted]; *see Malik v Malik*, 66 AD3d 968 [2009]; *Mueller v Mueller*, 61 AD3d 652, 653 [2009]; *Whelan v Whelan*, 59 AD3d 437, 438 [2009]; *Silver v Silver*, 46 AD3d 667, 668 [2007]). "Modifications of pendente lite awards should be sparingly made and then only under exigent circumstances such as where a party is unable to meet his or her own needs, or the interests of justice otherwise require relief" (*Campanaro v Campanaro*, 292 AD2d 330, 331 [2002]; *see* Domestic Relations Law § 236 [B] [9] [b]; *Ruane v Ruane*, 55 AD3d 586, 587-588 [2008]; *Bogannam v Bogannam*, 20 AD3d 442 [2005]; *Levine v Levine*, 19 AD3d 374, 376-377 [2005]). Perceived inequities in pendente lite awards are best remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (*see Sinanis v Sinanis*, 67 AD3d 773, 774 [2009]; *Malik v Malik*, 66 AD3d at 968; *Penavic v Penavic*, 60 AD3d 1026, 1028 [2009]; *Barone v Barone*, 41 AD3d 623, 624 [2007]; *Bogannam v Bogannam*, 20 AD3d 442 [2005]).

The record indicates that the plaintiff has sufficient resources to provide for his family as established in the pendente lite award and meet his own financial obligations. Also, no exigent circumstances were set forth. Thus, the Supreme Court improvidently exercised its discretion in eliminating his pendente lite child support and maintenance obligations (*see Sinanis v Sinanis*, 67 AD3d at 774; *Ruane v Ruane*, 55 AD3d at 588; *Krigsman v Krigsman*, 288 AD2d 189, 191 [2d Dept 2001]). Any perceived inequities in the pendente lite award can be best remedied by a speedy trial (*see Sinanis v Sinanis*, 67 AD3d at 774; *Swickle v Swickle*, 47 AD3d 704, 705 [2008]; *Stubbs v Stubbs*, 41 AD3d 832, 833 [2007]; *Barone v Barone*, 41 AD3d at 624).

The defendant's remaining contentions are either without merit or not properly before this Court. Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.