■ ELIZABETH AVELLO, Appellant, v WILLIAM AVELLO, Respondent. [899 NYS2d 337]—

In an action for a divorce and ancillary relief, the wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated June 5, 2009, as denied those branches of her motion which were to compel the husband to pay the sums of $5,000 in interim counsel

fees and $7,500 in expert fees, and granted that branch of her motion which was for an award of pendente lite maintenance and child support to the extent of awarding her the sum of only $90 per week in pendente lite child support.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff wife and the defendant husband were married on June 9, 1984. They have two children: Alexandra, born in February of 1990, and Avery, born in May of 1993. The wife was 47 years old at the time she commenced this action; the husband was 63. The husband had worked for his father for many years at Avello Brothers Contractors, Inc., and he purchased the business from his father for the sum of $150,000 in 1982. The husband remains the sole owner of that company, which performs commercial blacktop paving. He had an adjusted gross income of $80,251 in 2006. The wife owned several businesses throughout the marriage, including a candy store, a discotheque, and a restaurant. In 2006 the wife started a home interior retail business, using $250,000 of the couples' home equity line of credit for that purpose.

The wife commenced this action for a divorce on August 29, 2008, and simultaneously moved for pendente lite relief, including awards in the sums of $5,000 in interim counsel fees, $400 per week in pendente lite maintenance and child support, and $7,500 in expert fees for the valuation of the husband's business. In support of her motion, she submitted an invoice for $2,630 from her attorney.

In an order dated June 5, 2009, the Supreme Court denied the wife's request for an award of interim counsel fees, denied her request for expert fees, and awarded her the sum of $90 per week in pendente lite child support. The Supreme Court also directed the husband to pay the mortgages and carrying costs on the marital residence. The wife appeals from so much of the order as denied those branches of her motion which were to compel the husband to pay interim counsel fees and expert fees, failed to award her pendente lite maintenance, and awarded her only $90 per week in pendente lite child support. We affirm the order insofar as appealed from.

"An award of interim counsel fees ensures that the nonmonied spouse will be able to litigate the action, and do so on an equal footing with the monied spouse" (*Prichep v Prichep*, 52 AD3d 61, 65 [2008]; *see Davis-Potente v Potente*, 60 AD3d 720 [2009]). Here, the record before us does not indicate that the plaintiff is at a financial disadvantage compared to the defendant. Under these circumstances, it was not an improvident exercise of

discretion for the Supreme Court to deny the plaintiff's request for interim counsel fees (*cf. Penavic v Penavic*, 60 AD3d 1026, 1027 [2009]; *Prichep v Prichep*, 52 AD3d at 65).

The award of expert witness fees in a matrimonial action is left to the sound discretion of the trial court, but such awards should not be made routinely (*see O'Donnell v O'Donnell*, 2 AD3d 604 [2003]). They should be made upon a detailed showing of the services to be rendered and the estimated time involved (*id.; see Ahern v Ahern*, 94 AD2d 53, 58 [1983]). Absent affidavits from the expert witnesses at issue, the Supreme Court lacks a sufficient basis to grant a motion for the award of such fees (*id.; see Corrao v Corrao*, 209 AD2d 573, 574 [1994]). Here, the wife concedes that she failed to submit such an expert affidavit. Thus, the Supreme Court properly denied that branch of her motion which was for an award of an expert's fee.

Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as when a party cannot meet his or her financial obligations (*see Brooks v Brooks*, 30 AD3d 363, 364 [2006]; *Otto v Otto*, 13 AD3d 503 [2004]). "[A]ny perceived inequities in pendente lite support and maintenance can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (*Swickle v Swickle*, 47 AD3d 704, 705 [2008]). Here, the wife failed to meet her burden of demonstrating exigent circumstances. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.