■ PATRICIA DOWD, Appellant, v THOMAS PETER DOWD, Respondent. [903 NYS2d 501]—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Bivona, J.), dated July 28, 2009, as granted that branch of her motion which was for an award of pendente lite maintenance to the extent of awarding her the sum of only $1,000 per week for 10 months, and the sum of $800 per week thereafter, and directed a conference on those branches of her motion which were for an award of interim counsel fees and expert fees.

Ordered that the appeal from so much of the order as directed

a conference on those branches of the plaintiff's motion which were for an award of interim counsel fees and expert fees is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The portion of the order directing a conference on those branches of the plaintiff wife's motion which were for an award of interim counsel fees and expert fees did not dispose of those branches of the motion and did not affect a substantial right, and therefore is not appealable as of right (*see* CPLR 5701 [a] [2] [v]; *Henning v Ritz*, 44 AD3d 1005 [2007]). Since leave to appeal therefrom has not been granted, we dismiss the appeal from so much of the order as directed a conference on those branches of the wife's motion which were for an award of interim counsel fees and expert fees.

Contrary to the wife's contention, modification of the pendente lite maintenance award is not warranted. " 'Pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse . . . with due regard for the preseparation standard of living' " (*Levy v Levy*, 72 AD3d 651, 652 [2010], quoting *McGarrity v McGarrity*, 49 AD3d 824, 825 [2008]). "Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires" (*Malik v Malik*, 66 AD3d 968, 968 [2009] [internal quotation marks omitted]; *see Avello v Avello*, 72 AD3d 850 [2010]; *Nealis v Nealis*, 71 AD3d 851 [2010]; *Maksoud v Maksoud*, 71 AD3d 643 [2010]). Consequently, any perceived inequities in pendente lite maintenance can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (*see Levy v Levy*, 72 AD3d 651 [2010]; *Avello v Avello*, 72 AD3d 850 [2010]; *Nealis v Nealis*, 71 AD3d 851 [2010]; *Maksoud v Maksoud*, 71 AD3d 643 [2010]; *Swickle v Swickle*, 47 AD3d 704, 705 [2008]). Here, the wife has not demonstrated the existence of exigent circumstances warranting a modification of the pendente lite maintenance award. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.