■ MARGARET M. CONYEA, Respondent, v WILLIAM J. CONYEA, Appellant. [917 NYS2d 874]—

In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of an amended order of the Supreme Court, Orange County (Ritter, J.), dated January 29, 2010, as granted the wife's motion for an award of

certain pendente lite relief to the extent of directing him to pay the wife child support in the sum of $6,000 per month, maintenance in the sum of $2,000 per month, certain carrying charges and expenses, and interim counsel fees in the sum of $8,000.

Ordered that on the Court's own motion, the defendant's notice of appeal from an order of the same court dated January 11, 2010, is deemed a premature notice of appeal from the amended order dated January 29, 2010 (*see* CPLR 5520 [c]); and it is further,

Ordered that the amended order is affirmed insofar as appealed from, with costs.

"Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires" (*Malik v Malik*, 66 AD3d 968, 968 [2009] [internal quotation marks omitted]; *see Avello v Avello*, 72 AD3d 850 [2010]; *Nealis v Nealis*, 71 AD3d 851 [2010]; *Maksoud v Maksoud*, 71 AD3d 643 [2010]). Any perceived inequities in pendente lite support can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (*see Levy v Levy*, 72 AD3d 651 [2010]; *Avello v Avello*, 72 AD3d 850 [2010]; *Nealis v Nealis*, 71 AD3d 851 [2010]; *Maksoud v Maksoud*, 71 AD3d 643 [2010]; *Swickle v Swickle*, 47 AD3d 704, 705 [2008]). Here, the defendant failed to meet his burden of demonstrating exigent circumstances.

The defendant's remaining contention is without merit. Covello, J.P., Chambers, Lott and Cohen, JJ., concur.