■ TODD R. COVEN, Respondent, v AURILY T. COVEN, Appellant. [919 NYS2d 866]—

"The purpose of pendente lite relief is to ensure that a needy spouse is provided with funds for his or her support and reasonable needs pending trial, and it is not to determine the correct ultimate distribution" (*Viola v Viola*, 294 AD2d 493, 493 [2002]; *see Albanese v Albanese*, 234 AD2d 489, 490 [1996]). "Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires" (*Malik v Malik*, 66 AD3d 968, 968 [2009] [internal quotation marks and citation omitted]). "Consequently, any perceived inequities in pendente lite [relief] can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (*Dowd v Dowd*, 74 AD3d 1013, 1014 [2010]). Here, the defendant wife has not demonstrated any exigency which warrants modification of the pendente lite maintenance or child support awards (*see Shurka v Shurka*, 68 AD3d 488 [2009]; *Marohn v Marohn*, 157 AD2d 771, 772 [1990]; *Samuelsen v Samuelsen*, 124 AD2d 650 [1986]).

A determination of an application for interim counsel fees is committed to the sound discretion of the trial court (*see Dodson v Dodson*, 46 AD3d 305 [2007]). Such an award is intended to "[ensure] that the nonmonied spouse will be able to litigate the action, and do so on equal footing with the monied spouse" (*Prichep v Prichep*, 52 AD3d 61, 65 [2008]). Under the circumstances of this case, the award of the sum of $10,000 in interim counsel fees was a provident exercise of the court's discretion (*see* Domestic Relations Law § 237 [a]; *McMahan v McMahan*, 66 AD3d 971 [2009]; *Rosenbaum v Rosenbaum*, 55 AD3d 713 [2008]).

The wife's remaining contentions are without merit. Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur.