■ Angela Renga, Respondent, v Gregory Renga, Appellant. [928 NYS2d 547]—

The relevant facts are set forth in a related appeal (*see Renga v Renga*, 86 AD3d 632 [2011] [decided herewith]).

An appellate court should rarely modify a pendente lite award, and then " 'only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires' " (*Malik v Malik*, 66 AD3d 968, 968 [2009], quoting *Levakis v Levakis*, 7 AD3d 678, 678 [2004]; *see Silver v Silver*, 46 AD3d 667, 668 [2007]; *Fruchter v Fruchter*, 29 AD3d 942, 944 [2006]). Further, pendente lite awards "should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse . . . with due regard for the preseparation standard of living" (*Byer v Byer*, 199 AD2d 298 [1993]; *see Silver v Silver*, 46 AD3d at 668; *Levakis v Levakis*, 7 AD3d 678 [2004]). "Any perceived inequities in pendente lite support can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (*Conyea v Conyea*, 81 AD3d 869, 870 [2011]; *see Avello v Avello*, 72 AD3d 850 [2010]; *Malik v Malik*, 66 AD3d 968 [2009]). Here, in denying that branch of the defendant's cross motion which was for an award of pendente lite child support, the Supreme Court properly considered the defendant's actual reasonable living expenses, and there are no exigent circumstances sufficient to disturb the Supreme Court's determination on this issue (*see Malik v Malik*, 66 AD3d 968 [2009]; *Silver v Silver*, 46 AD3d at 668; *Fruchter v Fruchter*, 29 AD3d at 944; *Levakis v Levakis*, 7 AD3d 678 [2004]). Accordingly, the

Supreme Court properly denied that branch of the defendant's cross motion which was for an award of pendente lite child support.

The Supreme Court properly denied that branch of the defendant's cross motion which was for an award of an interim attorney's fee (see Domestic Relations Law § 237 [a]; O'Shea v O'Shea, 93 NY2d 187, 190 [1999]).

In the related appeal (see Renga v Renga, 86 AD3d 632 [2011] [decided herewith]), the defendant appealed from so much of an order dated December 22, 2009, as, upon reargument, adhered to its original determination in an order dated September 1, 2009, which, in effect, and in pertinent part, determined that the unallocated net settlement proceeds of a medical malpractice action received by the parties during their marriage in the principal sum of $4.8 million were separate property, and that the allocation of that property between the parties would be determined at trial. We are reversing the order insofar as appealed from on the ground that the parties' deposit of the unallocated net settlement proceeds into a joint investment account, funds made payable to both parties, gave rise to a presumption that the proceeds were transmuted into marital property, and we are remitting the matter to the Supreme Court, Nassau County, for a determination, at trial, as to whether the plaintiff can rebut this presumption. Since the determination that the settlement proceeds were separate property, which determination underlies the order appealed from herein, is no longer in effect, we remit this matter to the Supreme Court, Nassau County, for a new determination of that branch of the plaintiff's pendente lite motion which was to enjoin and restrain the defendant from withdrawing any money from an investment account funded with a portion of the subject unallocated net settlement proceeds. In the interim, so much of the order dated June 14, 2010, as enjoined and restrained the defendant from withdrawing any funds from the subject investment account in excess of $4,627 per month shall remain in effect.

We decline the plaintiff's request for the imposition of sanctions against the defendant in connection with this appeal (see 22 NYCRR 130-1.1). Dillon, J.P., Belen, Sgroi and Miller, JJ., concur.