NEIL IRWIN BRODY, Appellant, v LAUREN JUSTINE BRODY, Respondent. [930 NYS2d 894]—

"Although voluntary payments are preferred while a proceeding is pending, a pendente lite award of child support is appropriate where . . . the voluntary payments are not sufficient to meet the reasonable needs and standard of living of the nonpaying party" (*Shanon v Patterson*, 294 AD2d 485, 485 [2002]; *see Krantz v Krantz*, 175 AD2d 863, 864 [1991]). Further, "[m]odifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as when a party cannot meet his or her financial obligations" (*Nealis v Nealis*, 71 AD3d 851, 852 [2010]; *see Conyea v Conyea*, 81 AD3d 869, 870 [2011]; *Malik v Malik*, 66 AD3d 968, 968 [2009]). "Perceived inequities in pendente lite awards are best remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (*Levy v Levy*, 72 AD3d 651, 652 [2010]; *see Conyea v Conyea*, 81 AD3d at 870; *Nealis v Nealis*, 71 AD3d at 852; *Malik v Malik*, 66 AD3d at 968; *Swickle v Swickle*, 47 AD3d 704, 705 [2008]). Here, the husband did not assert that the pendente lite child support award will leave him unable to meet his own financial obliga-

tions, nor did he demonstrate the existence of other exigent circumstances sufficient to warrant modification of the award.

The husband also contends that the Supreme Court improvidently exercised its discretion in awarding the wife an interim counsel fee. However, the record before this Court indicates that the husband failed to raise his present contentions with respect to this issue in his opposition to the motion which resulted in the order appealed from. Thus, these contentions are not properly before this Court. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.