■ KARRIE L. TRUGLIA, Appellant, v JOSEPH A. TRUGLIA, Respondent. [936 NYS2d 912]—

"Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires" (*Palmeri v Palmeri*, 87 AD3d 572, 573 [2011] [internal quotation marks omitted]; *see Renga v Renga*, 86 AD3d 634, 635 [2011]). "Any perceived inequities in pendente lite support can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (*Conyea v Conyea*, 81 AD3d 869, 870 [2011]; *see Renga v Renga*, 86 AD3d at 635; *Malik v Malik*, 66 AD3d 968, 968 [2009]).

In determining an award of pendente lite maintenance, a court should not rely on the new statutory formula in Domestic Relations Law § 236 (B) (5-a) in actions, such as this one, commenced prior to its effective date (*see Ingersoll v Ingersoll*, 86 AD3d 684, 685 [2011]). Here, however, the Supreme Court's award, while erroneously arrived at using the new statutory formula, can be upheld in accordance with the prior standard under former Domestic Relations Law § 236 (B) (6) (a). The award of pendente lite maintenance reflected " 'an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse . . . with due regard for the preseparation standard of living' " (*Dowd v Dowd*, 74 AD3d 1013, 1014 [2010], quoting *Levy v Levy*, 72 AD3d 651, 652 [2010]). The plaintiff has not demonstrated any exigent circumstances that would warrant a modification of the pendente lite maintenance award. Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.