■ RAQUEL MCMAHON, Respondent, v MORGAN MCMAHON, Appellant. [942 NYS2d 558]—In an action for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated February 17, 2011, as granted those branches of the plaintiff's motion which were for an award of pendente lite relief directing him (1) to pay the plaintiff maintenance in the sum of $26,000 per year, child support in the sum of $28,920 per year, and arrears on those awards retroactive to November 8, 2010, (2) to maintain life insurance payments, (3) to pay 84% of unreimbursed medical expenses and copays for the children, and (4) to pay interim counsel fees in the sum of $5,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires" (*Malik v Malik*, 66 AD3d 968, 968 [2009] [internal quotation marks omitted]; *see Conyea v Conyea*, 81 AD3d 869 [2011]; *Avello v Avello*, 72 AD3d 850 [2010]; *Nealis v Nealis*, 71 AD3d 851 [2010]; *Maksoud v Maksoud*, 71 AD3d 643 [2010]). Any perceived inequities in pendente lite support can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (*see Avello v Avello*, 72 AD3d 850 [2010]; *Levy v Levy*, 72 AD3d 651 [2010]; *Nealis v Nealis*, 71 AD3d 851 [2010]; *Maksoud v Maksoud*, 71 AD3d 643 [2010]; *Swickle v Swickle*, 47 AD3d 704, 705 [2008]).

The defendant did not meet his burden of demonstrating exigent circumstances so as to warrant modification of the pendente lite award. Accordingly, the award will not be disturbed. Rivera, J.P., Chambers, Roman and Sgroi, JJ., concur.