■ Aubrey Charasz, Appellant, v Diana Rozenblum, Also Known as Diana Charasz, Respondent. (Action No. 1.) Diana Rozenblum-Charasz, Respondent, v Aubrey Charasz, Appellant. (Action No. 2.) [945 NYS2d 117]—

In related actions for a divorce and ancillary relief, which were joined for trial, the husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Falanga, J.), entered May 25, 2011, as granted those branches of the wife's motion in Action No. 2 which were for an award of temporary maintenance and to direct him to pay a percentage of the costs associated with sending the parties' children to summer camp.

Ordered that the order is affirmed insofar as appealed from, with costs.

As the parties were entitled to commence separate actions for divorce (*see Motler v Motler*, 60 NY2d 244, 245-247 [1983]; *Berger v Berger*, 84 AD2d 545, 545-546 [1981]), the Supreme Court properly applied the new statutory formula set forth in Domestic Relations Law § 236 (B) (5-a) to determine an appropriate award of temporary maintenance pursuant to the wife's application for pendente lite relief, which was made in her separate divorce action, commenced after the effective date of the new statutory formula.

Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circum-

stances, such as when a party cannot meet his or her financial obligations (*see Brody v Brody*, 88 AD3d 757 [2011]; *Conyea v Conyea*, 81 AD3d 869 [2011]; *Nealis v Nealis*, 71 AD3d 851, 852 [2010]; *Oquendo v Oquendo*, 7 AD3d 687, 687-688 [2004]). " 'Perceived inequities in pendente lite awards are best remedied by a speedy trial, at which the parties' financial circumstances can be fully explored' " (*Brody v Brody*, 88 AD3d at 757, quoting *Levy v Levy*, 72 AD3d 651, 652 [2010]; *see Conyea v Conyea*, 81 AD3d at 869; *Nealis v Nealis*, 71 AD3d at 852; *Oquendo v Oquendo*, 7 AD3d at 687-688). Here, the husband failed to meet his burden of demonstrating exigent circumstances.

The husband's remaining contention is without merit. Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.