In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Mackenzie, J.), dated February 14, 2011, as granted the plaintiff’s motion for pendente lite relief to the extent of directing him to pay the full amount of the rent and 50% of other carrying charges for the marital residence, denied his cross motion, inter alia, to appoint a forensic financial expert to calculate the marital portion of the plaintiffs medical malpractice award on the ground that there was no marital portion of the award, and awarded the plaintiff an attorney’s fee payable by him pursuant to 22 NYCRR 130-1.1.
Ordered that the order is affirmed insofar as appealed from, with costs.
“Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires. Consequently, any perceived inequities in pendente lite maintenance can best be remedied by a speedy trial, at which the parties’ financial circumstances can be fully explored” (Dowd v Dowd, 74 AD3d 1013, 1014 [2010] [internal citations and quotation marks omitted]; see Truglia v Truglia, 91 AD3d 852 [2012]). Here, the defendant, who was still residing in the marital residence with the plaintiff and their child at the time of the instant motion and cross motion, did not even allege exigent circumstances or that he had insufficient resources to pay the full rent and 50% of the other carrying charges for the marital residence as established in the pendente lite award and still meet his own financial *576 obligations (see Conyea v Conyea, 81 AD3d 869, 870 [2011]; Levy v Levy, 72 AD3d 651, 652 [2010]; Sinanis v Sinanis, 67 AD3d 773 [2009]; Signorelli v Signorelli, 50 AD3d 772, 773-774 [2008]). Therefore, the pendente lite award will not be disturbed by this Court.
Generally, the proceeds from an action to recover damages for personal injuries are considered separate property of the spouse receiving the compensation (see Renga v Renga, 86 AD3d 632, 634 [2011]; Howe v Howe, 68 AD3d 38, 39-40 [2009]). Here, the Supreme Court properly denied the defendant’s request to appoint a forensic financial expert to calculate the marital portion of the plaintiffs medical malpractice award since there was no marital portion (see Magnotta v Magnotta, 239 AD2d 320 [1997]; Samaritano v Samaritano, 172 AD2d 817 [1991]; cf. Miceli v Miceli, 78 AD3d 1023, 1025 [2010]; Richmond v Richmond, 144 AD2d 549, 551 [1988]).
The Supreme Court properly exercised its discretion in finding that the defendant’s motion practice, including, among other things, repetitive applications for the same relief, constituted “frivolous conduct,” as defined in 22 NYCRR 130-1.1 (c), and, accordingly, in awarding an attorney’s fee to the plaintiff (see Holmes v Holmes, 55 AD3d 1021, 1022 [2008]; Purpura v Purpura, 17 AD3d 651, 652 [2005]).
The defendant’s remaining contentions are without merit. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.