In an action for a divorce and ancillary relief, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Bivona, J.), dated August 3, 2011, as granted those branches of her motion which were for pendente lite relief only to the extent of awarding her pendente lite maintenance in the sum of $606.19 per week and pendente lite child support in the sum of $400 per week, and (2) from an order of the same court dated January 4, 2012, which denied her motion for leave to renew and reargue her prior motion for pendente lite relief.
Ordered that the order dated August 3, 2011, is affirmed insofar as appealed from; and it is further,
Ordered that the appeal from so much of the order dated January 4, 2012, as denied that branch of the plaintiffs motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Clarke v Allstate Ins. Co., 98 AD3d 466 [2012]); and it is further,
Ordered that the order dated January 4, 2012, is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the defendant. The purpose of pendente lite relief is to ensure that a needy spouse is provided with funds for his or her support and reasonable needs pending trial, and not to determine the correct ultimate distribution (see Coven v Coven, 82 AD3d 1144, 1145 [2011]; Viola v Viola, 294 AD2d 493 [2002]; Albanese v Albanese, 234 AD2d 489 [1996]). Modifications of pendente lite awards should rarely be made by an appellate court, and then only *735 under exigent circumstances, such as when a party is unable to meet his or her financial obligations, or justice otherwise requires (see Coven v Coven, 82 AD3d at 1145). Any perceived inequities in pendente lite relief can best be remedied by a speedy trial, at which the parties’ financial circumstances can be fully explored (see Trajkovic v Trajkovic, 98 AD3d 575 [2012]; Reardon v Gosnell, 80 AD3d 593, 594 [2011]; Dowd v Dowd, 74 AD3d 1013, 1014 [2010]). Here, the plaintiff has failed to show exigent circumstances so as to warrant modification of the pendente lite awards of maintenance or child support.
The Supreme Court did not err in denying that branch of the plaintiffs motion which was for leave to renew her prior motion for pendente lite relief, as she failed to offer new facts not offered on the prior motion that would have changed the prior determination (see Arthur J. Gallagher & Co. v Marchese, 96 AD3d 791, 792 [2012]; Matter of Choy v Mai Ling Lai, 91 AD3d 772 [2012]). Angiolillo, J.P., Leventhal, Lott and Austin, JJ., concur.