■ Maria Pappas, Respondent, v Anthony Pappas, Appellant. [959 NYS2d 511]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Falanga, J.), dated September 22, 2011, as denied his motion, in effect, for a downward modification of his pendente lite support obligation, and granted the plaintiff's unopposed motion for leave to enter a money judgment against him in the sum of $27,153.52 for unpaid interim counsel fees.

Ordered that the appeal from so much of the order as granted the plaintiff's unopposed motion for leave to enter a money judgment in the sum of $27,153.52 for unpaid interim counsel fees is dismissed, as no appeal lies from a portion of an order entered on the default of the appealing party (*see* CPLR 5511; *Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, Inc.*, 71 AD3d 628 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly denied the defendant's motion, in effect, for a downward modification of his pendente lite support obligation. " 'Pendente lite awards should reflect an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse with due regard for the parties' preseparation standard of living' " (*Bogannam v Bogannam*, 20 AD3d 442, 442 [2005], quoting *Campanaro v Campanaro*, 292 AD2d 330, 330 [2002]; *see Dowd v Dowd*, 74 AD3d 1013, 1014 [2010]; *Mbanefo v Mbanefo*, 60 AD3d 648, 649 [2009]). Modifications of pendente lite awards should be sparingly made, and then only under exigent circumstances, such as where a party is unable to meet his or her own needs, or where the interests of justice otherwise require relief (*see Truglia v Truglia*, 91 AD3d 852 [2012]; *Palmeri v Palmeri*, 87 AD3d 572, 573 [2011]; *Najac v Najac*, 12 AD3d 579 [2004]). Absent a demonstration of grounds for modification, perceived inequities in pendente lite awards are best addressed via a speedy trial, at which the parties' economic circumstances may thoroughly be explored (*see Truglia v Truglia*, 91 AD3d 852 [2012]; *Palmeri v Palmeri*, 87 AD3d at 573; *Najac v Najac*, 12 AD3d 579 [2004]). Here, the defendant has not demonstrated any exigent circumstances that would warrant a modification of the pendente lite award.

The defendant's remaining contentions are without merit. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.