■ RICHARD SHANE, Appellant, v LORI SHANE, Respondent. [960 NYS2d 654]—

In an action for a divorce and ancillary relief, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated September 22, 2011, as granted the defendant's motion for pendente lite relief to the extent of directing the plaintiff to pay the defendant temporary maintenance in the sum of $96,200 per year and interim counsel fees in the sum of $15,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

" 'Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires. . . . [A]ny perceived inequities in pendente lite maintenance can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored' " (*Trajkovic v Trajkovic*, 98 AD3d 575, 575 [2012], quoting *Dowd v Dowd*, 74 AD3d 1013, 1014 [2010]; *see Fales v Fales*, 102 AD3d 734 [2013]; *Charasz v Rozenblum*, 95 AD3d 1057, 1057-1058 [2012]; *McMahon v McMahon*, 94 AD3d 958 [2012]; *Palmeri v Palmeri*, 87 AD3d 572, 573 [2011]; *Conyea v Conyea*, 81 AD3d 869, 870 [2011]). Here, the plaintiff failed to meet his burden of demonstrating exigent circumstances.

In addition, the Supreme Court providently exercised its

discretion in awarding the defendant interim counsel fees in the sum of $15,000 (see Domestic Relations Law § 237 [a]; *Coven v Coven*, 82 AD3d 1144, 1145 [2011]). Rivera, J.P., Chambers, Hall and Miller, JJ., concur.