*668 In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Bivona, J.), dated January 9, 2012, as denied his motion for a downward modification of his pendente lite child support obligation and awarded the defendant an attorney’s fee in the principal sum of $35,529.91.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court properly denied the plaintiffs motion for a downward modification of his pendente lite child support obligation. “ Tendente lite awards should reflect an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse with due regard for the parties’ preseparation standard of living’ ” (Bogannam v Bogannam, 20 AD3d 442, 442 [2005], quoting Campanaro v Campanaro, 292 AD2d 330, 330 [2002]). Modifications of pendente lite awards should rarely be made, and then only under exigent circumstances, such as where a party is unable to meet his or her own needs, or where the interests of justice otherwise require relief (see Truglia v Truglia, 91 AD3d 852 [2012]; Palmeri v Palmeri, 87 AD3d 572, 573 [2011]; Najac v Najac, 12 AD3d 579 [2004]). Any perceived inequities in pendente lite awards are best addressed via a speedy trial, at which the parties’ economic circumstances may thoroughly be explored (see Truglia v Truglia, 91 AD3d at 852; Palmeri v Palmeri, 87 AD3d at 573; Najac v Najac, 12 AD3d 579 [2004]). Here, the plaintiff has not demonstrated any exigent circumstances that would warrant a modification of the pendente lite child support award.
Moreover, the Supreme Court properly directed the plaintiff to pay an attorney’s fee to the defendant (see Domestic Relations Law § 237 [a]; Prichep v Prichep, 52 AD3d 61 [2008]).
The plaintiff’s remaining contentions are without merit. Mastro, J.P., Rivera, Lott and Cohen, JJ., concur.