■ Nicole Fini, Respondent, v Thomas Fini, Appellant. [966 NYS2d 689]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Ecker, J.), dated September 8, 2011, as, upon granting the plaintiff's motion for an award of pendente lite maintenance, directed him to pay pendente lite maintenance in the sum of $7,500 per month.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Pendente lite awards should reflect an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse with due regard for the parties' preseparation standard of living" (*DeVerna v DeVerna*, 4 AD3d 323, 323-324 [2004]). In the instant case, the defendant's evidence of his gross income was insufficient, and was not reconcilable with his prior spending habits or the parties' standard of living. Accordingly, the Supreme Court properly awarded the plaintiff temporary maintenance, based upon her needs and the standard of living of the parties prior to commencement of the divorce action (*see* Domestic Relations Law § 236 [B] [5-a] [g]).

Further, the Supreme Court took the award of temporary maintenance into account when it directed the plaintiff to pay the carrying charges of the marital residence from the maintenance and child support awarded to her (*see Woodford v Woodford*, 100 AD3d 875 [2012]). The defendant failed to demonstrate that the pendente lite award left him unable to meet his financial obligations (*see Maksoud v Maksoud*, 71 AD3d 643, 644 [2010]) There is no basis in this record to disturb the award of temporary maintenance. Any perceived inequities can best be remedied by a speedy trial (*see McMahon v McMahon*, 94 AD3d

958 [2012]). Angiolillo, J.P., Hall, Roman and Hinds-Radix, JJ., concur.